*In re* White River Bank.

---

In the matter of the White River Bank.

*Mandamus. When the writ will be issued. Commissioners to open books of bank. Right of majority to act.*

The power to issue writs of mandamus to courts of inferior jurisdiction, to corporations and individuals, whenever it is necessary to the furtherance of justice and the regular execution of the laws, is vested in the supreme court. It is a remedial writ, but is never to be resorted to for the protection of individual rights, where the party applying for it has another adequate, specific, legal remedy.

If it should appear, that commissioners, appointed by act of the legislature to open books for receiving subscriptions to the capital stock of a bank, have refused, after having accepted their appointment and assumed to act in the premises, to proceed in the execution of the trust confided to them, without sufficient cause for such refusal, and that thereby the act of incorporation may fail of being carried into effect, the supreme court, upon proper application, would issue a writ of mandamus to compel the commissioners to perform the services required of them by law.

But where the act of incorporation requires, that the books for receiving subscriptions to the capital stock shall be opened under the direction of seven commissioners, named, "or a majority of them," the majority have full power to discharge the duties required of the commissioners, without the concurrence of the others; and if all except one are willing to act, the court will not grant a peremptory mandamus to compel that one to act, for the reason that the issuing of such writ is unnecessary.

PETITION for a writ of mandamus. The petitioner, Augustus P. Hunton, represented, that the legislature of this state, by act approved November 13, 1850, incorporated the White River Bank, and therein provided, that the place for the location of the bank should be designated by a committee, who were named, and that books for receiving subscriptions to the capital stock of the bank should be opened, at the place designated by said committee, under the direction of Chester Baxter, Solon Danforth, Edmund Weston, Phinehas Pierce, Augustus P. Hunton and Edward H. Prentiss, or a majority of them, who were appointed commissioners for that purpose ; that the committee decided, that the bank should be located

at Bethel, and that the books should be there opened ; that on the fifth day of March, 1851, a notice, for opening the books at Bethel on the 15th of April, 1851, was drawn by Hunton, at the request of Baxter, and was signed by Baxter, Hunton and Danforth, three of the commissioners; that Weston, another of the commissioners, insisted, that no notice should issue, until the commissioners had held a meeting and determined whether the books should be opened at all, and if so, at what time, and that he saw the other commissioners, and endeavored to prevail upon them, and did prevail upon several of them to refuse to sign the notice; but that all the other commissioners, except Weston, had either signed, or expressed a willingness to sign, the notice, and that Weston wholly refused to sign it, although requested to do so; and that, upon such refusal, notice had been given to Weston, that this petition would be presented at this time ;—and it was suggested, that, on account of the refusal of Weston to sign the notice, the act of incorporation might fail of being carried into effect. These facts were verified by the oath of the petitioner, Hunton. And the petitioner prayed, that Weston might be peremptorily commanded to sign the notice, and to perform faithfully the duties which devolved upon him as such commissioner. There was no appearance on the part of Weston.

After argument upon the part of the petitioner, the opinion of the court was delivered by

KELLOGG, J. The application for the writ of mandamus is based upon the facts set forth in the foregoing motion, verified by the oath of Mr. Hunton. The facts are to be treated as satisfactorily established, in the absence of any opposing proof, and more especially as Mr. Weston has been duly notified of this application and has neglected to appear and deny or disprove the same. It appears by the act incorporating the White River Bank, a copy of which was produced at the hearing, that Mr. Weston was appointed one of the commissioners to open books for receiving subscriptions for shares in said bank, and the proofs show, that he accepted the appointment. It farther appears, that upon repeated applications made to him to sign a notice of the time and place for opening the books required by the aforesaid act, he has refused to comply with such request. And it being suggested, that, by the refusal of Mr. Weston to act in the premises, the act of incorporation may fail of being carried into

effect, the applicant prays, that a peremptory mandamus may be directed to Mr. Weston, commanding him to sign the notice and perform the duties required of him by the act aforesaid.

The power to issue writs of mandamus " to courts of inferior jurisdiction, to corporations and individuals, whenever the same is necessary to the furtherance of justice and the regular execution of the laws," is vested in this court. It is a remedial writ, but is never to be resorted to for the protection of individual rights, where the party applying for it " has another *adequate, specific, legal remedy.*" The writ of mandamus is ordinarily issued, commanding some specific act or thing to be done, or cause to be shown why the same should not be performed. A peremptory mandamus, however, may be and often times is granted in the first instance, where notice of the application is given and the furtherance of justice requires prompt and immediate action.

The duties devolving upon the commissioners, by their appointment, are of a public character, and in the faithful discharge of those duties the public have an interest. And should it appear, that the commissioners, after having accepted the appointment and assumed to act in the premises, had refused to proceed in the execution of the trust confided to them, without good and sufficient cause for such refusal, and that thereby the act of incorporation might fail of being carried into effect, upon proper application it would be the duty of the court to issue the writ and compel the commissioners to perform the services required by the law,—a duty which the court could not fail to discharge should occasion require it.

Trying the application by these rules, the inquiry arises, does the applicant need the aid of a mandamus to protect his own rights, or the rights of the public, in the matter set forth in his petition? For if it be necessary for those purposes, the court will not hesitate to grant the writ. The object of this proceeding is to cause legal notice to be given of the opening of books for receiving subscriptions for shares in the bank, and making a legal distribution of the stock. This, we believe, can be accomplished without the aid and co-operation of Mr. Weston. The act of incorporation provides, that the books for receiving subscriptions shall be opened under the direction of the seven commissioners, therein named, *or a majority of them.*

*In re* White River Bank.

It appears by the petition, that all the commissioners except Mr. Weston have either signed or are willing to sign the notice and perform the remaining duties assigned them by their appointment; and this, we believe, enables them to perform all the duties required of them by the act of incorporation. Consequently the aid sought by this application is unnecessary.

If we entertained a doubt of the power of the other commissioners, without the co-operation of Mr. Weston, to discharge all the duties required by the act, we should feel it our duty to grant the writ. But upon the facts now before us we deem it unnecessary; and for that reason the writ of mandamus is denied.

If, in the farther progress of the business, the writ of mandamus shall be found necessary to compel an execution of the trust by the commissioners, the application may be renewed.