[No. 2297. Decided December 3, 1896.]

JAMES E. FENTON *et al.*, *Appellants*, v. JOHN M. MORGAN *et al.*, *Respondents*.

APPEAL — AMOUNT IN CONTROVERSY — FRAUDULENT CONVEYANCE —
ACTION TO SET ASIDE — DECREE.

The fact that, subsequent to an appeal in an action seeking to set aside a conveyance as in fraud of creditors and subject certain land to the lien of a judgment, the appellants have had the property in controversy sold under execution in their original action and have had the judgment therein satisfied to such an extent as to leave a balance due them of less than $200, does not constitute ground for dismissal of the appeal.

Where the court finds, in an action by a judgment creditor to set aside a deed as made in fraud of creditors, that the deed was in fact a mortgage given in good faith to secure *bona fide* indebtedness of the grantor, the plaintiff is entitled to a decree delaring his judgment a valid lien upon the property, subject to the mortgage lien, and authorizing the equity of redemption to be sold to satisfy the lien of plaintiff's judgment.

Appeal from Superior Court, Spokane County.— Hon. JAMES Z. MOORE, Judge. Reversed.

*W. A. Lewis*, for appellants.

*Jones, Voorhees & Stephens*, for respondents.

The opinion of the court was delivered by

GORDON, J.—This action was brought by the appellants for the purpose of setting aside a certain deed executed March 4, 1895, by the respondents John M. Morgan and Maryetta E. Morgan (husband and wife),

to their co-respondent Dyer, as being in fraud of creditors of the grantors.

The complaint in the action alleges the recovery by appellants (plaintiffs) of judgment against respondent John M. Morgan for $1,036 on June 19, 1895, the issuance of an execution and its return *nulla bona,* and other allegations usual in such cases, including the insolvency of respondent John M. Morgan at the time when said conveyance was executed. The answer admits the recovery of judgment by appellants, the exetion and delivery of the deed in question, and denies each and every other allegation contained in the complaint.

Respondents have moved for a dismissal of the appeal " because the amount involved in this action does not equal or exceed the sum of $200," and for further grounds of dismissal set forth certain proceedings taken by appellants subsequent to their appeal herein, namely, the issuance of an execution and sale of property of the respondents, part of which was included in the deed of conveyance which is assailed by the plaintiffs in this action, as the result of which sale appellants' judgment has been satisfied, with the exception only of a balance of $109.65.

This action, however, was not for the recovery of money, but was equitable in its nature, and the fact that the amount remaining unpaid upon appellants' judgment is less than $200 affords no reason for dismissing the appeal, nor do we think that the subsequent proceedings taken by appellants are inconsistent with the remedy which they seek by the appeal, or that anything is presented "going to the merits of the further prosecution of the appeal," and the motion is denied.

The findings and conclusions of the trial court were as follows :

"First. That on the 14th day of June, 1895, the above named plaintiffs recovered a judgment against defendant, John M. Morgan, for One Thousand ($1,000) Dollars.

"Second. That an execution issued upon said judgment and was returned *nulla bona*, before the commencement of this action.

"Third. That before the commencement of said suit, wherein judgment was rendered as aforesaid, defendants, John M. Morgan and Maryetta E. Morgan, made, executed, and delivered to defendant Edward J. Dyer, their warranty deed conveying property described in the answer of defendant herein, which said warranty deed was so made, executed and delivered for the purpose of securing persons and debts mentioned and described in a certain declaration of trust, admitted in evidence, and for the purposes set forth therein, in good faith, and for a valuable consideration; all said debts being *bona fide* debts of the said John M. Morgan and Maryetta E. Morgan, at the time of the execution and delivery of the said warranty deed ; and that the said deed, or conveyance, which in effect, was a mortgage, was not made for the purpose of hindering and delaying the creditors, or any creditor, of the said John M. Morgan and Maryetta E. Morgan, or either of them, and was not made with undue haste, or for the purpose of placing said property beyond the reach of plaintiffs, or either of them, or any other creditor of the said John M. Morgan and Maryetta E. Morgan, or either of them.

"CONCLUSIONS OF LAW.

"The court finds as conclusions of law :

"First. That said warranty deed from John M. Morgan and Maryetta E. Morgan to Edward J. Dyer is, in effect, a mortgage, and was made in good faith to secure a *bona fide* indebtedness of the said John M. Morgan, due and owing at the time of the execution and delivery of said warranty deed, and that the same

was not made for the purpose of hindering or delaying or frauding creditors, or any creditor of the said John M. Morgan and Maryetta E. Morgan, or either of them, and was not made for the purpose of placing the property of said John M. Morgan and Maryetta E. Morgan, or either of them, beyond the reach of creditors, or any creditor, and that defendants are entitled to judgment herein that the plaintiffs have and take nothing by their action herein, and that defendants have and recover of and from plaintiffs their costs and disbursements herein."

After an examination of the entire record and the elaborate briefs of counsel, we are satisfied that the only error the court committed was in dismissing the plaintiffs' complaint, when in accordance with its findings and conclusions it should have decreed appellants' judgment to be a valid lien upon the property conveyed from respondents Morgan to the co-respondent Dyer, subject only to the lien created by that instrument and the declaration of trust accompanying it in favor of the creditors therein mentioned, and permitting the equity of redemption to be sold to satisfy the lien of appellants' judgment, and for this purpose the judgment will be reversed and the cause remanded with directions to the lower court to enter a decree in accordance herewith.

HOYT, C. J., and ANDERS, DUNBAR and SCOTT, JJ., concur.