## Women's Catholic Order of Foresters v. Margaret Condon et al.

1. MANDAMUS—*Requisites of the Petition.*—In proceedings for mandamus the petition must set forth distinctly all the material facts on which the relator relies, so that the same may be traversed or admitted, and must show a clear right on his part to have the act performed, and set forth every material fact showing that it is the duty of the person sought to be coerced, to perform the act in question.

2. SAME—*Demand, When Necessary.*—When the right sought to be enforced is a private right and the duty to be performed is not a public duty, a demand should be made before mandamus will issue.

**Mandamus.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1899. Reversed and remanded. Opinion filed July 20, 1899.

JOHN D. CASEY, attorney for appellant; CHARLES B. OBER-MEYER, of counsel.

The relator must show a clear, undoubted right to the writ or it will not be awarded. People v. Davis, 93 Ill. 133; Dement v. Rokker, 126 Ill. 174; People v. Crotty, 93 Ill. 180; People v. Town of Oldtown, 83 Ill. 202; People v. Glann, 70 Ill. 232.

A writ of mandamus will be awarded only in a case where the party applying for it shows a clear right to have the defendants do the thing which he is sought to be compelled by mandamus to do. The petition must show upon its face a clear right to the relief demanded, and every material fact on which the petition relies must be distinctly set forth. Lavalle v. Soucy, 96 Ill. 468.

It is an imperative rule where the action sought is not a

matter of statutory right, that previous to making application for a writ to command the performance of such act, an express and distinct demand or request to perform it must have been made by the relator or prosecutor upon the defendant, and that it must appear that he refused to comply with such demand. Ency. Pleading and Practice, Vol. 13, p. 617; Moses on Mandamus, 202, 206, 208.

A demand and refusal are held necessary to relief by mandamus and the demand must be express and distinct, and express the precise thing which is required. Macoupin County v. People, 58 Ill. 192; People ex rel. v. Village of Hyde Park, 117 Ill. 462; People v. Mount Morris, 137 Ill. 576; People v. Board of Education, 127 Ill. 613.

A failure to make a demand will render the application demurrable. Ency. Pleading and Practice, Vol. 13, p. 625; Lake Erie, etc., R. Co. v. State, 139 Ind. 158.

The petition should show a demand upon the defendants and a refusal by them to do the things they are sought to be compelled to do. Lavalle v. Soucy, 96 Ill. 467; Horne v. Comrs. of Cumberland Co., 29 S. E. Rep. (N. C.) p. 581.

CANNON & POAGE, attorneys for appellees.

A member of a mutual benefit society has a right to demand a substantial compliance with its rules governing its proceedings in expulsion. A society has no right to expel a member merely because he does not appear, and without proving the charge against him. Even though the party charged does not appear, still proof of his offense should be required. Strempel v. Rubing, 4 N. Y. Sup. 534.

It is sufficient if a petition for a writ of mandamus states the facts on which the claim is based with precision sufficient to express the right of one and the duty of the other in such a manner that the ordinary mind, disregarding the technicalities of pleading, may easily apprehend them. Certainty to a common intent is the rule. Central District, etc., Telephone Co. v. Commonwealth, 114 Pa. St. 592.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellees, members of Agnew Court, No. 107, of the

Women's Catholic Order of Foresters, brought mandamus against appellant, a fraternal beneficiary society organized under the laws of Illinois, and two officers of appellant, asking that the writ of mandamus issue requiring appellant and its said officers to restore appellees to all rights as members of said order, and to reinstate said Agnew Court to its place as a subordinate court of said order, and to expunge all reference to its suspension from the records of said order. A demurrer to the petition was overruled, and the defendants having elected to stand by the demurrer, judgment was entered in favor of appellees and the writ of mandamus awarded as prayed, from which this appeal is taken.

The only question necessary to be considered is as to the sufficiency of the petition.

In proceedings for mandamus the petition must set forth distinctly all the material facts on which the relator relies, so that the same may be traversed or admitted, and must show a clear right on the part of the relator to have the act performed, and set forth every material fact, showing that it is the duty of the persons sought to be coerced to perform that act. Lavalle v. Soucy, 96 Ill. 467; People ex rel. v. Town of Mount Morris, 145 Ill. 427–31, and cases cited.

The petition, under our practice, takes the place of a declaration in ordinary actions at law. People v. Pavey, 151 Ill. 105; Dement v. Rokker, 126 Ill. 174–90.

Tested by these principles the petition for mandamus in this case is insufficient to sustain the judgment.

The petition in substance shows that appellees are members, in good standing, of said Agnew Court, but whether they are all the members is not shown; that the appellant corporation is made up of subordinate courts, among which is Agnew Court, which exist by charters issued by the governing body or executive officers of appellant, known as the High Court; that appellant issues to members insurance certificates in amounts of $1,000 or $2,000, the members being required to pay monthly assessments thereon, but whether insurance certificates were issued to appellees does not appear, though it is alleged they have paid all assess-

ments levied against them except for the months of April, May and June, 1898, which they have tendered, and the assessments were refused by the treasurer of appellant; appellees have been suspended from membership in the order, and notice of suspension was given to Agnew Court; that the reason given for such suspension was a refusal of Agnew Court to hold a second trial of appellee, Margaret Condon, its chief ranger, for an alleged offense against the constitution and by-laws of the order; that said Condon was tried once on said charges January 21, 1898, and acquitted, whereupon the person making said charges appealed to the High Court of the order, which appeal was in violation of all forms of law and procedure, and without right or authority an order was issued by the high chief ranger of appellant, commanding Agnew Court to try said charges against said Condon a second time, which order Agnew Court, its officers and members, refused to obey, or to hold a second trial, and appellees prayed an appeal therefrom to the High Court of appellant, on the hearing of which appeal said High Court decided that Agnew Court should remain suspended until it complied with the order of the high chief ranger and should hold a second trial of said charges; that appellees then prayed an appeal from the decision of the High Court to the annual session of appellant, said annual session being the highest legislative and judicial authority of appellant; that this appeal was referred by the annual session to the committee on appeals, but that said committee did not try the appeal upon the merits, and without a trial or legal hearing, recommended the suspension of said Agnew Court, and the annual session adopted such recommendation and suspended Agnew Court and all its members from said order; that appellees were not notified to appear before any tribunal to defend themselves from such suspension, and that the constitution and by-laws of appellant have not been complied with, by means whereof appellees are prevented from exercising their rights as members.

There is no express allegation in the petition that appellees made any demand upon any of the officers of appellant,

or of the officers constituting its annual session, that the suspension of appellees or of Agnew Court be set aside or vacated, or that appellees be restored to their rights as members, or that Agnew Court be restored to its place as a subordinate court of appellant. The right of appellees here sought to be enforced being a private right, and the duty, if any, of appellant not being a public one, demand should have been made before mandamus will lie. People v. Hyde Park, 117 Ill. 462-8; People v. Bd. of Education, 127 Ill. 613-25; People v. Mt. Morris, 137 Ill. 576-9.

The fact that the petition fails to allege that appellees were all the members of Agnew Court does not appear to have been called to the attention of the trial court, and the objection, if tenable when made in apt time, comes too late when made for the first time in this court.

There is no positive allegation in the petition that appellees have any property or other interest beyond that of membership in the society, the benefits of which do not appear, which can or may be affected by the order of suspension in question. Moreover, the allegations of the petition are that the reason given for the order of suspension was a refusal of Agnew Court to try a second time Margaret Condon for a violation by her of the constitution and by-laws of appellant, and that this order was made on an appeal to the High Court by the person making charges against her from the order of Agnew Court on the first trial by which she was acquitted of such charges, and that this appeal was in violation of all forms of law and procedure, and without right or authority. But the petition does not set out the constitution or by-laws; nor what were the proceedings on such appeal, and we are unable to tell but that the constitution and by-laws authorized the appeal. The petition also alleges that appellees' appeal from the order of suspension of the High Court to the annual session of appellant was not tried upon the merits, and that they were suspended without a trial or legal hearing; that appellees were not notified to appear before any tribunal to defend themselves, and that the constitution and by-laws of appellant have not been complied with. These allegations,

except that there was not a trial, are mere conclusions of the pleader. The allegation that the appeal was not tried upon the merits implies that there was a trial, and contradicts the allegation that they were suspended without a trial. Also the allegation that they were suspended without a legal hearing implies that there was a hearing of the appeal. If there was a trial or hearing, then before we can determine whether it was a trial upon the merits or not, or whether or not it was a legal hearing, we should have before us allegations as to what were the proceedings, what, if any, evidence was heard, and what was the basis for the decision of the annual session. The allegations that appellees were not notified, and that the constitution and by-laws of appellant have not been complied with, are not conclusive. Unless the constitution and by-laws of appellant were set out, and the proceedings upon the appeal, no court can tell whether there was a compliance with the constitution and by-laws or not, in the proceedings of the annual session, and in the absence of the constitution and by-laws the court can not determine whether appellees were entitled to be notified of the hearing on their appeal. It may be that the by-laws provide for the holding of the annual session at a particular time and place, and for the hearing of such an appeal as appellees' at that particular time and place, in which case there could be no necessity for notice. And also the by-laws might require that appellees should take notice of the particular time of the hearing of their appeal when the annual session should be held, and that they should follow their appeal, just as an appellant is bound to follow his appeal in this court.

In all these respects we consider the petition insufficient, in that it fails to show the material facts on which appellees rely, or that they have a clear right to be restored to membership, or that appellant is in duty bound to restore them.

In People v. Columbia Club, 20 N. Y. Civ. Pr. Rep., 319, it was alleged that relator had been unjustly, and in violation of the law and of the constitution and by-laws of the society, expelled from it; but the allegation was held insuf-

ficient, and that there should have been shown what provision of the constitution and by-laws had been violated, and wherein the expulsion was illegal. To the same effect in principle is People v. Bricklayers' Union, 20 N. Y. App. Div. Rep. 8. In People v. Women's Catholic Order of Foresters, 162 Ill. 78–80, the Supreme Court say, in speaking of the rights of a member in this same appellant order, "By uniting with a voluntary organization, such as these benefit societies are held to be, the member agrees to be bound by its constitution, by-laws and rules. Among the provisions which he thus impliedly binds himself to abide by are those which relate to expulsion;" and held that when a member failed to take an appeal from an order of expulsion to the next annual session, which she had the right to do under the laws of the order, she was not entitled to a mandamus to restore her to membership. In the same case it was further said: "Courts are always reluctant to interfere with the disciplinary powers of voluntary organizations, whether incorporated or unincorporated (citing cases). Such interference will never be justified unless the exercise of the power has been without jurisdiction or marked by gross injustice and unfairness." We are unable to tell from the allegations of the petition in this case, but there was jurisdiction to make the order of suspension, or that any injustice was done or unfairness shown to appellees, and as they are bound to obey the constitution and by-laws when not in violation of the law of the land, and have not shown by facts alleged in their petition but that the order of suspension was made in strict conformity to a valid and legal constitution and by-laws, they do not show a right to mandamus.

The point that the petition is not properly verified, is not, in our opinion, well taken. The affidavit to the petition is sufficient in form, and there is nothing in the abstract to show that J. H. Poage, notary public, who attached his *jurat* to the affidavit, is the same Poage as one of appellees' attorneys.

Other questions presented need not be considered. The judgment is reversed and the cause remanded.