[No. 4386.    Decided January 10, 1903.]

THE STATE OF WASHINGTON *on the Relation of George G. Bauer, Respondent,* v. SUNSET TELEPHONE AND TELEGRAPH COMPANY, *Appellant.*

APPEAL — CESSATION OF CONTROVERSY — RIGHT OF RESPONDENT TO DISMISSAL.

Where a subscriber for a telephone obtained a peremptory writ of mandate compelling the telephone company to publish a directory containing his name within a given time, prior to its regular date of publication, from which order the company, instead of complying, took an appeal and filed a supersedeas bond, but, pending the appeal, printed a directory containing respondent's name in the regular course of its business, shortly after the date fixed in the writ of mandate, the respondent is not entitled to a dismissal of the appeal on the ground of a cessation of the controversy, since the act of the appellant was not done in compliance with the order, but in accordance with its regular custom of periodically publishing such a directory.

MANDAMUS — UNNECESSARY ISSUANCE.

Under the rule that the extraordinary writ of mandamus will never issue in any case where it is unnecessary, it was error for the court to issue such writ compelling defendant to publish on or about April 15th a directory of subscribers to its telephone system, where the defendant had answered that it was then engaged in compiling and publishing such a directory in the regular course of its business, which it would have ready for distribution early in the month of April.

Appeal from Superior Court, King County.—Hon. BOYD J. TALLMAN, Judge. Reversed.

*R. F. Lewis* and *George E. Wright,* for appellant.

*Benson & Aust,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—This action was commenced in the lower court for the purpose of obtaining a writ of mandate re-

quiring the appellant to issue and distribute among its patrons a telephone directory containing the names of its new subscribers, and particularly the name of the relator. The affidavit filed is substantially as follows: That the relator for many months past has been engaged in the manufacture and sale of cigars at wholesale, and has a place of business in the city of Seattle; that the appellant has, owns, maintains, and operates in the city of Seattle the only telephone system in said city, and holds, operates, and maintains the same under franchise from the said city; that appellant is a corporation organized under the laws of the state of California; that on the 15th day of January, 1902, the appellant, at the request of the relator, placed in relator's place of business a telephone, which telephone is numbered Black 4,962, and is on the ten-party line system; that relator paid to the appellant the customary rent therefor, and has ever since so continued to pay; that appellant, at the time of the installation of said telephone, failed, and has ever since failed, to insert relator's name in its list, or in any list, of its subscribers, though often requested by relator so to do; that, owing to the growth of the city of Seattle, the constant moving of the inhabitants, and the extension of business, there is a constant and rapid change in respective numbers of the telephones used; that the population of the city of Seattle is rapidly growing, and that the telephone system of the appellant is being, and has been for many months, rapidly extended, and the number of new telephones being installed is constantly increasing; that for several months last past the said installation of new telephones has progressed in excess of twenty-five telephones per week; that the patrons of relator depend largely upon telephones in ordering goods; that the inhabitants of the city generally

transact a large portion of their business through tele-
phones, and it is of the highest importance to the relator
and the inhabitants of the city generally that a complete
and revised list of all the subscribers to the appellant's
telephone system, together with the respective numbers of
such subscribers' telephones, be·published at least once a
month; that the appellant maintains no system in any wise
adequate to convey to the public or telephone users the fact
that any person is a new subscriber, and, owing to the sys-
tem maintained by the appellant, it is almost impossible
to ascertain who are the new subscribers, or whether or not
a given person has a telephone, unless his name be in-
cluded with the old list published and distributed by the
appellant; that the appellant for many years has been,
and still is, in the habit of compelling its subscribers and
the public generally, to await its own pleasure in the
publication and distribution of its lists of telephone sub-
scribers, and it has at all times and still refuses to prepare
or distribute such a list oftener than every four or five
months; that the last list printed and distributed by the
appellant was in October, 1901; that the relator has repeat-
edly demanded of the appellant that the said appellant in-
clude relator's name in a list or supplement of telephone
users and distribute such list or supplement to the tele-
phone users throughout the city generally; that the refusal
of the appellant to publish and distribute relator's name to
the telephone users throughout the city as being a sub-
scriber of the appellant's system is of great damage to
the relator; that the amount of said damage is incapable
of ascertainment, and relator has no adequate remedy at
law except by mandamus; that three days is ample time
for the publishing and distributing by the appellant of the
complete list, by supplement or otherwise, of all the sub-

scribers of the appellant in the city; that on, to-wit, the 6th
day of March, 1902, relator, in writing, demanded of the
appellant, and had served upon the appellant's general
manager in the city of Seattle, a written demand that
within three days from said date appellant include the
name of the relator in the regular list of telephone users
supplied to such users, and that appellant distribute such
list with the name of the relator therein within said time,
a copy of which demand is set out in the affidavit; that ap-
pellant has wholly failed and neglected to take any action
whatever regarding the insertion of relator's name, and
relator is still without remedy, except by mandamus; that
appellant has stated to relator that it was impossible for it
to say when it would have a revised list, but that the same
would not be published or distributed until after the first
of April, 1902.   Upon the filing of this affidavit the court
issued a temporary writ.   On the return day of this writ
the appellant appeared, and filed a demurrer to the affidavit
and a motion to quash the writ.   This motion and de-
murrer was overruled, and appellant thereupon filed an
answer, the substance of which is as follows:   It denies
that the relator will suffer irreparable injury or damage,
and that the relator has no remedy at law, and that appel-
lant fails to maintain a system adequate to convey to the
public or telephone users the fact that a person is a new
subscriber; alleges, on the contrary, that it now does, and
for many years past has, through the department known as
"Main 600," maintained a ready and convenient means of
conveying to all telephone users complete information re-
garding new subscribers, and the telephone numbers of
same, and denies that it compels its subscribers or the
public generally to await its pleasure for the publication
or distribution of the lists of telephone subscribers; alleges,

on the contrary, that it pursues a uniform, fixed, and reasonable course in publishing and distributing to all of its subscribers the printed telephone directories at intervals of four to six months, containing the names and addresses and numbers of the telephone subscribers, and at all times has maintained the same information on file in said department Main 600, readily and immediately accessible to all inquirers; denies that it is possible to print and distribute the said telephone directories within a period of three days; on the contrary, alleges that to compile, print, and distribute the same takes a very long period of time, to-wit, several weeks.　For further and affirmative answer the appellant alleges that it is a corporation authorized to do business in the city of Seattle, and maintains and operates a system of telephones in said city and elsewhere; that in the operation of its telephone system in the city of Seattle is now has approximately 7,500 telephones installed and in use in said city; that it has for many years last past been a rule and regulation of the appellant and its invariable practice, whenever a telephone was subscribed for and installed, to print the name of the subscriber for the said instrument, together with a brief statement of his occupation and place of business, in a printed telephone directory, which said directory has been regularly printed and distributed to its subscribers and patrons as often as twice each year, and not oftener than once in four months; that said directory is printed for the use and convenience of the appellant company as well as for its subscribers; that the last directory was compiled during the month of October, 1901, and distributed by the appellant during the month of November, 1901, and contained approximately 6,500 names of subscribers; that the next telephone directory to be printed by respondent will contain even more

names and printed matter; that the expense of printing and distributing the said telephone directory is very large, and will amount, in the case of the directory to be issued, to the sum of approximately $1,500. It further alleged that for a long time it has constantly maintained, in its central office in the city of Seattle, a department charged with the duty of giving at all times and immediately upon request the number of the telephone in use by any subscriber, which for any reason could not be found in the printed telephone directory; that this department is known as "Main 600;" that the uses and purposes of this department are fully described in all the telephone directories issued by the appellant; that at the time the telephone subscribed for by the relator was installed the appellant notified the relator that his name would be printed in the next telephone directory, that the said directory would not be issued for a period of several months, and that the relator's name would not be printed until such directory should be printed in the regular course of business of the appellant; that relator then and there acquiesced in and agreed to the same; that the appellant then and there immediately upon the installation of said telephone gave to the said department "Main 600" the relator's name, address, occupation, and telephone number in the usual way; that the same have ever since been, and now are, on file in the said department, and readily and immediately accessible to any person upon inquiry in the usual manner. Appellant further alleges that it has for some time been engaged in the compilation, for the purpose of printing, of a new telephone directory, and that the same will be printed and distributed as soon as it is possible for appellant so to do, to-wit, early in the month of April, 1902; all of which relator herein well knew before instituting this action. Ap-

pellant further alleges that the rules, regulations, and customs adopted in the conduct of its business are necessary and reasonable, and that said business cannot be conducted, in any other manner, and in particular that the rule and custom of printing and distributing the printed telephone directories at regular intervals of four to six months is a reasonable and proper method of transacting its said telephone business; that it is impracticable for the appellant to issue the said directory more frequently, and impracticable for it to issue its directory now in course of preparation before the early part of April next; that relator had full notice of all the rules, regulations, and customs of the appellant at the time when he subscribed for his telephone, and then and there acquiesced therein.  On the filing of the answer respondent replied thereto, denying generally the new matter set up in the answer.  Thereupon the court, without hearing any proof of the facts pleaded, and upon the admission contained in the answer that the appellant was then engaged in preparing a new telephone directory, and that the same would be printed and distributed as soon as it was practicable for appellant so to do, to-wit, early in the month of April, 1902, ordered a peremptory writ to issue requiring appellant to publish and distribute such directory "on or about April 15, 1902."  This order was made on April 2, 1902.  Exceptions were taken to these rulings of the court, and on April 9th notice of appeal was served upon respondent, relator below.  On the following day the court fixed a supersedeas bond on appeal. On the 12th of April the supersedeas and appeal bonds were filed, and thereby the appeal to this court perfected. Before the hearing of the cause on appeal in this court, and on the 17th day of October, 1902, appellant filed the affidavit of one C. S. Hall, from which it appears that "as

early as the 15th day of April, 1902, said Sunset Telephone and Telegraph Company distributed to its patrons throughout the city of Seattle, and especially to the relator in the above entitled cause (George G. Bauer) a complete and perfect telephone directory containing the names of all its subscribers in the city of Seattle and the name of the relator. Affiant further says that during the months of July and August, 1902, appellant prepared, published, and distributed to all of its patrons in the city of Seattle another and later complete and perfect telephone directory; that the relator, George G. Bauer, no longer has any interest in the publication of appellant's directory." Several affidavits are filed by respondent denying that the new telephone directories were published and distributed as early as April 15, 1902, and stating that the distribution of these directories did not commence until several days subsequent to April 15, 1902.

Respondent moves to dismiss this appeal upon the ground that all right which he had at the commencement of the action has ceased to exist. This motion is based upon the case of *State ex rel. Coiner v. Wickersham*, 16 Wash. 161 (47 Pac. 421). In that case the relator was seeking by writ of quo warranto to oust the respondent, Wickersham, from the office of city attorney. The respondent in the writ was successful in the court below, and the relator appealed. Pending the appeal it was conceded that the respondent was legally appointed to the office and confirmed by the city council. He was, therefore, legally in office. A decision on the merits would have been futile because a judgment of reversal could not have been executed. There was no longer any controversy between the parties. The same was true in *Hice v. Orr*, 16 Wash. 163 (47 Pac. 424). In *Campbell v. Hall*, 28 Wash. 626 (69 Pac. 12),

there was a voluntary compliance with the order.    In these cases, and in the cases therein cited in support thereof, the decision was based upon a voluntary compliance with the order of the court or upon a voluntary settlement of the matters in controversy by the parties interested.    These cases are clearly distinguishable on that ground from the case at bar.    In this case it does not appear that there was any intention to comply with the order of the court (see *Seattle v. Liberman*, 9 Wash. 276 (37 Pac. 433), and *Fenton v. Morgan*, 16 Wash. 30 (47 Pac. 214), but, on the other hand, it clearly appears that there was no intention to comply with such order.    The affidavit which takes the place of a complaint in this action is, and must be, based upon the fact that the appellant owed a legal duty to the respondent, which was being refused.    This duty consisted in the insertion of respondent's name and the number of his telephone in a directory within a given time, viz., three days.    The appellant, in substance, denied such duty, but admitted that it owed a duty to insert respondent's name and number in a directory which it was then publishing, and about to distribute in the regular course of its business, naming the time, approximately, when the directory would be published and distributed.    The court entered a judgment requiring appellant to perform this duty at a given time.    From this judgment the appeal was taken.    Appellant gave a supersedeas bond, which had the effect to stay execution for costs, and also to stay any proceeding by the court against the appellant for failure to comply with the judgment.    The duty which appellant admitted that it owed to relator was not performed at the time the judgment directed, but was performed soon after, in the regular and due course of its business, without reference to the order of the court.    This cannot be held to be a

voluntary compliance with the order.    To hold that the
performance of a duty in the usual and regular course of
business is a voluntary compliance with the order of the
court, as in this case, is to deny the right of appeal on
questions of this character, which right, if the lower court
is correct, may be vital to the life of the appellant, because,
if each new subscriber to a telephone may require a new
directory, containing his name and number, to be issued
and distributed immediately, at large expense to the com-
pany, the business of the company must be suspended pend-
ing the appeal, or the right of appeal waived by continuing
to do business.    For example, if a person should purchase
a ticket of a common carrier between its stations at a time
when no regular conveyance was at hand, and the court,
upon complaint, should issue a writ against such carrier to
compel the carriage of such person at a stated time, and
the carrier should appeal from such order, but, before the
appeal could be heard, its regular and usual conveyance
came along, and such person was permitted to be carried
to his destination, as was his undisputed right, it could
hardly be held that the carrier thereby waived its right of
appeal.    Yet this is exactly the position of the maker of
the motion in this case.    It is true that the controversy,
so far as the respondent is concerned, has ceased, because
his name has admittedly been published in the directory
and the directory distributed.    The statute expressly pro-
vides that an appeal shall not stay proceedings on the judg-
ment or order appealed from unless a supersedeas bond be
given.    A judgment may, therefore, be enforced pending
appeal, and the appeal prosecuted, notwithstanding the
amount of the judgment has been collected on execution.
In such a case an appeal will not be dismissed because the
judgment creditor has received his money, and therefore,

as to him, the controversy has ceased, because such proceedings are held to be involuntary.    We think the same principle should apply in cases of the character of the one at bar, and that when the compliance with the order results in the usual and ordinary course of business, without any intent to comply with the order, it should not be held to be voluntary unless there is a clear intention that such compliance shall be in obedience to the order appealed from. It does not so appear in this case, and the motion is therefore denied.

The respondent has failed to file a brief upon the merits of the controversy, apparently relying upon the motion to dismiss.    The court below was in error in ordering the writ upon the admission in the answer.    Conceding that the court was authorized to enter an order upon the admission that the appellant was then preparing a directory such as demanded by respondent, and would distribute the same on or about April 1, 1902, it should have entered an order of dismissal, and not an order for the writ, because the extraordinary writ of mandamus will never issue in any case where it is unnecessary.    *State ex rel. Dusinberre v. Hunter,* 4 Wash. 651 (30 Pac. 642) ; *Barnett v. Ashmore,* 5 Wash. 163 (31 Pac. 466) ; 19 Am. & Eng. Enc. Law (2d ed.), 756.

The cause, for this reason, must be reversed, and ordered dismissed in the lower court.

REAVIS, C. J., and ANDERS and FULLERTON, JJ., concur.