[No. 15593. Department Two. April 6, 1920.]

PACIFIC EXPLOITATION COMPANY, *Respondent*, v.
H. B. STRICKLAND *et al.*, *Appellants.*[1]

REPLEVIN (21)—COMPLAINT—SUFFICIENCY. A complaint containing the customary allegations in replevin and in addition seeking to recover the value of the property in the event it could not be recovered, is not demurrable.

SAME (34) — OWNERSHIP OF PROPERTY — EVIDENCE — SUFFICIENCY. In replevin for fixtures removed from real estate, oral evidence that the plaintiff was the owner of the land, admitted without objection, is sufficient prima facie evidence of ownership.

FIXTURES (4, 9)—WHAT ARE—FURNACE AND EQUIPMENT. A boiler bricked into a dwelling, with piping for a furnace through holes that had to be cut in the floor, installed by one in possession under a contract to purchase the property, are fixtures.

Appeal from a judgment of the superior court for King county, Ronald, J., entered April 19, 1919, upon findings in favor of the plaintiff, in an action of replevin, tried to the court. Affirmed.

*J. Kalina*, for appellants.
*Hartman & Hartman*, for respondent.

BRIDGES, J.—This was a replevin suit. The facts as found by the trial court are substantially as follows:

[1]Reported in 188 Pac. 766.

One Harry W. Treat and wife, in 1914, were the owners of a certain lot in the city of Seattle, upon which was located a dwelling; that, while they were such owners, they entered into a written contract with the defendant Strickland for the sale to the latter of the house and lot for a designated sum of money; that, while such contract of sale was in force, Strickland installed on the premises a heating plant, consisting of a boiler, which was bricked in; that, as a part of the heating plant, various pipes ran from the boiler through the floors, into the various rooms of the house, and that all of such heating plant became a part of the real estate; that thereafter Strickland failed to comply with his contract of purchase and, by mutual consent, the same was annulled, and that thereafter Strickland continued to remain in the premises as a tenant. During such tenancy the respondent became the owner of the property. Finally, Strickland moved out and, at the time of moving, tore down the bricked in furnace and removed it, together with all piping, joints, etc., from the premises, and sold all such articles to the appellant Kaplan, who owned a junk establishment in the city of Seattle; such furnace was removed without the knowledge or consent of the respondent. At the commencement of this suit a writ of replevin was sued out, and a part of the furnace and equipment was found by the sheriff, in possession of appellant Kaplan, and possession thereof taken under the writ, but the remainder of it had been disposed of by Kaplan. The court entered judgment awarding to the respondent such portion of the furnace and equipment as the sheriff had taken possession of, and entered judgment in favor of the respondent and against the appellant Kaplan for the junk value of the remainder of the furnace and equipment, such judgment being in the sum of $225.

Pending the trial, the case was dismissed as to all of the defendants except Kaplan, who has appealed from the judgment.

It is first contended by the appellant that the court erred in overruling the demurrer to the amended complaint. We think, however, that the demurrer was not well taken. The action was the usual replevin action and contained the customary allegations in support of replevin and, in addition, sought to recover the value of the property taken, in the event it should not be recovered.

Appellant also contends that there was no legal proof that the respondent was the owner of the real estate of which the furnace became a part. There was oral testimony that the respondent was the owner of the property. This testimony was admitted without objection and was sufficient to make a *prima facie* case of ownership.

It is next contended that the evidence fails to show that the furnace and equipment had become a part of the real estate. It will be remembered that this furnace was installed by Strickland at a time when he had a contract for the purchase of the property. The boiler was bricked in and this bricking had to be torn down in order to remove the boiler. Large holes had been made in the floors of the building in order to carry the piping from the furnace to the various rooms. The removal of these pipes did material damage to the building. The trial court found that the furnace was so installed as that it had become a part of the real estate, and in this finding we concur. *Filley v. Christopher*, 39 Wash. 22, 80 Pac. 834, 109 Am. St. 853.

We think the testimony was amply sufficient to justify the court's findings and its judgment. We deem it unnecessary to discuss certain other questions

which have been raised by the appellant's brief. Judgment affirmed.

HOLCOMB, C. J., FULLERTON, TOLMAN, and MOUNT, JJ., concur.