[No. 15883.   Department Two.   March 18, 1921.]

LOVINA A. WILLS, *Respondent,* v. ELLA E. ARMOND *et al.,*
*Appellants.*[1]

HUSBAND AND WIFE (40)—SEPARATE PROPERTY OF WIFE—ACTIONS—PARTIES PLAINTIFF. A married woman may sue alone, under Rem. Code, § 181, for a breach of contract affecting her separate property; oral testimony alone as to her separate ownership, aside from other evidence, being sufficient to make a prima facie case.

APPEAL (413)—REVIEW—VERDICTS—CONFLICTING EVIDENCE. The verdict of a jury, based on conflicting evidence, will not be disturbed on appeal.

PRINCIPAL AND AGENT (9)—RELATION—EVIDENCE—SUFFICIENCY. Circumstantial evidence is competent to establish agency and its scope.

TRIAL (99)—INSTRUCTIONS—REQUESTS. The giving of general instructions, which cover the issues, cannot be assigned as error in the absence of a request for more specific instructions.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered December 10, 1919, upon the verdict of a jury in favor of the plaintiff, in an action on contract. Affirmed.

[1]Reported in 196 Pac. 649.

*Peacock & Ludden,* for appellants.

*Parks & Day,* for respondent.

MAIN, J.—This action was brought for the purpose of recovering damages claimed to have arisen out of a contract for the sale of real estate. After the issues were framed, the cause was tried to the court and a jury and resulted in a verdict and judgment sustaining the plaintiff's right to recover. The defendants appeal from the judgment.

On the second day of July, 1907, the appellants executed a contract by which they agreed to sell to R. S. Wills, the husband of the respondent, a tract of land consisting of approximately five acres. The contract provided for an initial payment and the balance to be paid in monthly installments. On the 27th day of March, 1911, Mr. Wills assigned and transferred the contract to respondent as her separate and individual property, the assignment being duly acknowledged before a notary public. On September 9, 1912, the appellants delivered a deed executed by them to the respondent conveying the property to her. The contract of sale contains a provision that the appellants will provide the necessary well or wells and equip the same with suitable pumps and machinery, furnish and lay the proper piping system to convey water to the property for irrigating purposes. It is this provision of the contract that it is claimed was breached, and upon which the action for damages is predicated.

The first point of the appellants is that the respondent, being a married woman, had no right to maintain the action without joining her husband as a party thereto. Under § 181, Rem. Code, a wife may sue alone when the action concerns her separate property. Not only the contract in question was assigned to the respondent as her separate and individual property, but

the oral testimony was to the same effect. Aside from the assignment, this testimony was sufficient to make a *prima facie* case. *Pacific Exploitation Co. v. Strickland,* 110 Wash. 646, 188 Pac. 766. Under the evidence and the law, the respondent had a right to maintain the action without joining her husband as a party thereto.

The second point is that the court erred in not sustaining the appellants' motion for a nonsuit. In support of this point, it is argued that a new and independent contract had been subsequently made and that, therefore, no right of action could be based upon the original contract. Upon the question whether there was a subsequent contract which would have exonerated the appellants from liability, the evidence is conflicting and therefore it was for the jury's determination.

The third point is that the court erred in permitting evidence tending to establish the fact that one A. W. Riley was the agent of the appellants in the transactions relative to the sale of the property. Circumstantial evidence is competent to establish the fact of or extent of an agency. 31 Cyc. 1661. *Bergtholdt v. Porter Bros. Co.,* 114 Cal. 681, 46 Pac. 738. The evidence offered was properly admitted under this rule.

There are a number of assignments of error relating to the instructions. Without reviewing these in detail, it may be said that they have been considered and in none of them is there substantial merit. It is true that some of the instructions were general, but in the absence of a request for more specific instruction, there would be no error by reason of this fact. *Zolawenski v. Aberdeen,* 72 Wash. 95, 129 Pac. 1090. In the present case, there were no requests for instructions. The instructions given cover the issues made

by the pleadings and the evidence and contain a correct statement of the law as applicable to the facts presented upon the trial.

The judgment will be affirmed.

HOLCOMB, MITCHELL, TOLMAN, and MOUNT, JJ., concur.