[No. 19776.  Department One.  March 12, 1926.]

HAZEL PAPPAS, *Respondent,* v. ELLA TAYLOR, *Defendant,*
PHOEBE GRAY, *Appellant.*[1]

[1] TRIAL (158)—FINDINGS AND CONCLUSIONS—OBJECTION—WAIVER.
Error cannot be assigned on appointing a receiver before the
findings of fact and conclusions of law were signed, where, with
knowledge of what the findings would be, appellant sought and
consented to a delay in settling the findings.

[2] JUDGMENT (84)—AMENDMENT—AUTHORITY OF COURT.  Under its
inherent power to modify a judgment entry to conform to the
judgment actually intended, the court may, in the presence of
both parties, enter a supplemental decree containing additional
provisions for enforcement of the decree, where it was the
same as the original decree so far as the liabilities of the
parties were concerned.

[3] HUSBAND AND WIFE (42)—ACTIONS—PARTIES.  Where one spouse
holds property in trust for a third person, *ex maleficio,* the other
spouse and the community are not necessary parties to a suit
to adjudicate the title. .

Appeal from a judgment of the superior court for
King county, Hall, J., entered July 6, 1925, upon find-
ings in favor of the plaintiff in proceedings supple-
mentary to execution, tried to the court.  Affirmed.

*Henry W. Parrott* and *Walter C. Hinman,* for appel-
lant.

*C. D. Liliopoulos,* for respondent.

HOLCOMB, J.—In a measure, this is a companion case
to that of appeal No. 19643, just decided, *ante,* p. 22, 244
Pac. 390.  This appeal is from the principal decree and
supplemental decree in the principal cause, alleging,
also, many of the same errors upon the supplemental
proceedings as were claimed in the preceding appeal.

[1]Reported in 244 Pac. 393.

Likewise, the assignments are very complicated and the arguments very voluminous. Most of the issues have been stated and determined, so far as we deem necessary, in the preceding decision. We shall not further notice in this opinion the assignments relating to the appointment of a receiver, the manner of hearing the case below, the denial of a continuance, the manner of bringing appellant into the principal case as a party, under the supplemental proceedings statutes as amended in 1923, the empowering of the receiver to sell the property, or the due process of law contention.

In the principal case, trial was had before the court without a jury, and on January 15, 1925, the court made and entered its findings of fact and conclusions of law therein, which findings sustain the allegations of the complaint generally, and in detail, and the conclusions of law follow the findings of fact. Upon the final hearing on the proceedings supplemental to execution on June 30, 1925, after the trial court had announced that it would make findings in favor of respondent, plaintiff below, and would grant an order appointing a receiver without notice, upon the emergency showing existing in the case, counsel for appellant, urging other business which would take him into another county in the state, urged delay in signing the findings and conclusions, and stated his intention to present findings and conclusions on behalf of the defendant and the additional party in the supplemental proceedings. The court thereupon delayed the actual signing of the findings of fact and conclusions of law in favor of plaintiff below, until counsel for appellant had returned to Seattle. Counsel for appellant consented to that delay, and now contends that, since the findings and conclusions were not actually signed and

entered until after the signing of the order appointing the receiver, the court had no jurisdiction to make and enter such order.

[1] We consider that appellant is not entitled to raise the question. Counsel for appellant knew what the findings would be in effect, knew that the order appointing a receiver would be made, and consented to the delay in signing and entering the findings and conclusions. That constituted a waiver of the chronological order in which the findings and conclusions and the order appointing the receiver should be signed.

[2] It is urged on this appeal that, after the trial court had made and entered its decree in the original cause, it had no right or jurisdiction to enter a supplemental decree. The supplemental decree in no way departs from the original decree, but contains additional provisions for the method of enforcing the decree against the parties herein. In so far as the liabilities of the parties thereto are concerned, the supplemental decree was the same as the decree entered six days previously. The supplemental decree on its face showed that it was entered when both parties were present in court. No appeal has been taken by the principal defendant from either the original or the supplemental decree.

The superior court has the inherent power, independent of statute, to so modify its judgment entry as to make it conform to the judgment actually entered at any time, when to do so will not affect the substantial rights of innocent third persons, who have acted on the faith of the entry, or the original decree has not been superseded. *O'Bryan v. American Investment & Implement Co.*, 50 Wash. 371, 97 Pac. 241; 21 C. J. 646, 693, 695.

[3]   Appellant further insists that the court erred in attempting to adjudicate the title to the property in question claimed by Phoebe Gray, in the absence of the community composed of Phoebe Gray and her husband.   In addition to what was said on the preceding appeal upon the allegations and testimony of appellant, we may cite the cases of *Wills v. Armond,* 115 Wash. 73, 196 Pac. 649, and *Stevens v. Sweitzer,* 117 Wash. 420, 201 Pac. 764.   Again we state that, where one spouse holds property fraudulently in trust for another, not the other member of the community, it is a trust *ex maleficio,* and the community is not presumed to be benefited by it, nor concerned in it.

The last assignment is that the findings of fact and conclusions of law are not supported by the evidence; the conclusions not supported by the findings of fact; and the decree is not supported by the conclusions of law, findings of fact or the evidence.   An examination of the record discloses that there was abundant and most convincing evidence on behalf of respondent sustaining the findings of fact; that the conclusions of law certainly follow the findings made, and that no other decree would be possible under the findings of fact and conclusions of law.

The decrees are affirmed.

TOLMAN, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.