[No. 7268. Decided September 16, 1908.]

CLARK O'BRYAN, *Appellant*, v. AMERICAN INVESTMENT & IMPROVEMENT COMPANY *et al.*, *Respondents.*[1]

JUDGMENTS—ENTRY—MODIFICATION. Where it is conceded that it was the intention of the trial judge to dismiss an action without prejudice, it is error to refuse to modify a judgment which is doubtful in that respect so that its meaning will be clear.

SAME—PROCEDURE—POWER OF COURT. Since the court has inherent power to modify a judgment entry to make it conform to the judgment actually entered, independent of any statute, it is not material under what statute the party seeks relief.

SAME — DISCRETION — APPEAL — REVIEW. The modification of a judgment entry to make it conform to the judgment actually entered is not a matter of discretion, but an imperative duty, the denial of which may be reviewed on appeal.

Appeal from an order of the superior court for King county, Albertson, J., entered February 6, 1908, denying an application to modify a judgment, after a hearing upon affidavits. Reversed.

[1]Reported in 97 Pac. 241.

*Geo. McKay* and *Alfred E. Hodgson*, for appellant.

*Hammond & Hammond, Blaine, Tucker & Hyland,* and *Walker & Munn,* for respondents.

FULLERTON, J.—The appellant, as a stockholder of the respondent corporation, began this action on behalf of himself and all other stockholders similarly situated who might come into the action, to set aside certain deeds to real property. purported to have been executed by the corporation to the defendant D. H. Lee, and from Lee to defendant Whalley, and for a reconveyance of the property to the corporation; also, to require an accounting from Lee, and other officers of the corporation, of the property of the corporation, and for the appointment of a receiver to take charge of the affairs of the corporation, and for general relief. D. H. Lee and the corporation made answer to the complaint containing both denials and new matter. To the new matter a reply was filed. Whether any others of the defendants made answer, the record brought to this court does not show. Subsequently a hearing was had before the court, and an order made which the clerk recorded in his minute book under date of October 8, 1907, in the following language: "Defendant's motion to cancel and discharge *lis pendens* is denied. The court directs dismissal of the action as to defendant company without prejudice."

On October 23, 1907, the following order was filed and entered:

"The above entitled action having come on duly and regularly for hearing and trial in open court this 5th day of September, 1907, the plaintiff appearing in person and by Messrs. Sachs & Hale, his attorneys, the defendant W. W. Whipple appearing by Messrs. Holcomb & Kirkpatrick, his attorneys, and the defendants American Investment & Improvement Company and D. H. Lee appearing in person and by their attorneys, Messrs. Hammond & Hammond and Messrs. Blaine, Tucker & Hyland, and the court having heard the evidence of the respective witnesses and the argu-

ment of counsel, said action having been finally submitted to the court and the court being fully advised in the premises;

"Now THEREFORE, it is considered, ordered, adjudged and decreed that the above entitled action be, and the same hereby is, dismissed and that the defendants American Investment & Improvement Company and D. H. Lee are entitled to recover their costs of and from the plaintiff herein.

"Done in open court this 23 day of October, 1907.  R. B. Albertson, Judge.

"To all of which plaintiff by his counsel, and the defendant W. W. Whipple by his counsel, excepted and said exceptions are hereby allowed.  R. B. Albertson, Judge.

"O. K. as to form.  Sachs & Hale."

On February 4, 1908, the appellant appeared by other counsel, who had been theretofore formally substituted, and petitioned for a modification of the judgment so as to make it conform to what he conceived to be the order of the court, as recorded in the minutes of the clerk under date of October 8, 1907.  Affidavits in support of the motion were filed with it.  The defendants opposed the motion, filing in support thereof the affidavit of one of their attorneys reciting the proceedings had at the time the formal order of dismissal was entered.  At the hearing the court declined to modify the judgment, and the plaintiff appeals.

That it was the intention of the trial court to dismiss the pending action without prejudice to the right of the plaintiff to institute another for the same cause, seems to be agreed by all of the parties and by the trial judge as well.  We can see no reason, therefore, why the judgment entry should not be amended so as to make it conform to that intent.  As it stands now, it is at best doubtful whether it does so, and it is not to the best interest of litigants, nor is it the policy of the law, that these entries be left uncertain as to their meaning when it is within the power of the court to make them certain.

It is suggested, however, that the application to modify is made under the provision of chapter 17, title 28, of the

Code (Ballinger's), and the ground recited in the petition for the modification of the judgment is not one of the grounds therein enumerated. But the petition states a ground for modification under Bal. Code, § 4953 (P. C. § 424), and we have held that a party may have relief under this section even though the application be made by petition pursuant to the practice outlined in the chapter of the code above cited. *Williams v. Breen*, 25 Wash. 666, 66 Pac. 103. But this question is of but little moment here. The superior court has inherent power, independent of statute, to so modify its judgment entry as to make it conform to the judgment actually entered, at any time when to do so will not affect substantial rights of innocent third persons who have acted on the faith of the entry.

Again it is said that applications to modify a judgment are addressed to the sound discretion of the trial court, and its order made therein will not be corrected by the appellate court except for manifest abuse. This is true, no doubt, where the application is based upon a ground involving a matter of discretion, but no discretion is involved in the correction of an entry which concededly does not speak the judgment of the court. To correct such an order is an imperative duty when no innocent third person will suffer thereby.

The judgment appealed from is reversed, and the cause remanded to correct the judgment entry in accordance with the application of the appellant.

HADLEY, C. J., CROW, and RUDKIN, JJ., concur.

ROOT and MOUNT, JJ., took no part.