[No. 11642. Department Two. May 16, 1914.]

I. OKAZAKI, *Appellant,* v. FRANK SUSSMAN, *Respondent.*[1]

JUDGMENTS—CONCLUSIVENESS — VACATION — GROUNDS — POWER OF COURT. Superior courts having, under our constitution, no terms, judgments have no probationary period during which they are subject to modification by the court; hence, a formal judgment having been signed by the judge and entered on a verdict for the plaintiff, the court is without power to entertain a motion for judgment for defendant notwithstanding the verdict, on the ground that the evidence was insufficient to sustain the verdict; and it is immaterial whether the motion was made before or after judgment, which becomes final until vacated in the manner permitted by law.

NEW TRIAL—MOTION—EFFECT OF JUDGMENT. A motion for a new trial cannot be entertained after signing and entry of a final judgment on the verdict, as the judgment overrules the motion.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered April 18, 1913, dismissing an action for malicious prosecution, notwithstanding the verdict of a jury rendered in favor of the plaintiff. Reversed.

[1]Reported in 140 Pac. 904.

*H. R. Lea,* for appellant.

*Williamson, Williamson & Freeman,* for respondent.

FULLERTON, J.—The appellant, plaintiff below, brought this action against the respondent for malicious prosecution. Issue was joined on the complaint, and a trial entered upon before a jury on February 19, 1913. On February 21, 1913, the jury returned a verdict in favor of the appellant for $3,500. On February 24, 1913, a formal judgment, signed by the judge of the court, was entered in favor of the appellant on the verdict for the sum returned therein. On the same day (February 24, 1913), but whether before or after the entry of the judgment the record does not disclose, the respondent filed a motion for judgment notwithstanding the verdict. On April 18, 1913, the motion was brought on for hearing, at the conclusion of which the court set the former judgment aside and entered a judgment in favor of the respondent to the effect that the appellant take nothing by his action; reciting in the judgment that there was no sufficient evidence in the record to sustain the verdict of the jury. This appeal is prosecuted from the last mentioned judgment.

We think the court erred in setting the judgment aside. It will be remembered that, under the constitution of this state, superior courts have no terms, but are open for the transaction of business on every day except non-judicial days. Judgments, therefore, have no probationary period during which they are subject to change and modification by the court, such as a judgment had during the term at common law. Under our practice, judgments entered after the time within which a motion for a new trial may be filed have all the conclusiveness of a common law judgment after term, and can only be changed or modified in the manner, and for some one or more of the causes, provided by statute for vacating and modifying judgments. *State ex rel. Mc-Conihe v. Steiner,* 58 Wash. 578, 109 Pac. 57. Here there

was no showing of cause whatever. All that appears is that the judge who presided at the trial changed his views as to the effect of the evidence on which the jury found their verdict. But if this were to be recognized as a sufficient cause for setting aside a judgment, judgments would have no stability. Instead of being the final determination of the rights of the parties to the action, as the code prescribes they shall be, they would be but subjects of the whim and caprice of the court, determinative of nothing.

We have said that the record fails to make it clear whether the motion for judgment notwithstanding the verdict was filed before or after the formal judgment was entered. It, however, makes no difference in the result which event happened first. If the motion was filed after the judgment was entered, it came too late; if before, it was determined against the mover by the entry of the final judgment.

It was also said by counsel for the respondent, in the oral argument at bar, that a motion for a new trial had been filed which remained undetermined, and we were asked that, in the case we reversed the judgment finally entered, to remand the cause with instructions to the lower court to pass upon the motion. The record in this court, however, shows no such motion; but if it be true that such a motion were filed, it likewise could not survive the entry of the final judgment, however potent the fact might be for relief against the judgment under the statute providing for relief against judgments entered by mistake, inadvertence, surprise, or excusable neglect. But, as we have indicated, the record affords no basis for relief on this latter ground.

The judgment appealed from is reversed, and the cause remanded with instructions to reinstate the original judgment.

PARKER, MORRIS, and MOUNT, JJ., concur.