[Civil No. 1495.   Filed December 11, 1915.]

[153 Pac. 420.]

H. K. CHENOWETH et al., Appellants, v. E. W. PREWETT and C. T. GUSEMAN, Appellees.

1. NEW TRIAL—MOTIONS FOR—ORDER OF CONTINUANCE.—In view of preceding legislation, a motion for new trial, under Civil Code of 1913, paragraph 591, declaring that all motions for new trial shall be determined within 20 days after the rendition of judgment, and, if not so determined, shall be deemed denied unless continued by order of court or stipulation, will be deemed denied where no order continuing the motion was made within the 20-day period, notwithstanding after the expiration of that time the court made an entry reciting that the motion for new trial had been argued and was taken under advisement; for in such case the motion had already been denied by operation of law.

2. NEW TRIAL—GROUNDS FOR NEW TRIAL—MATERIAL EVIDENCE.—A new trial cannot be granted under Civil Code of 1913, paragraph 584, authorizing new trial on account of newly discovered evidence which could not with reasonable diligence have been produced at trial,.

where the existence of such evidence was known before trial, and plaintiff went to trial without it.

[As to right to new trial on ground of newly discovered evidence not in existence when trial was had, see note in **Ann. Cas.** 1913E, 147.]

APPEAL from a judgment of the Superior Court of the County of Santa Cruz. W. A. O'Connor, Judge. Reversed and remanded, with directions.

Mr. Eugene S. Ives, Mr. Gerald Jones and Mr. S. F. Noon, for Appellants.

Mr. E. R. Purdum and Mr. A. H. De Riemer, for Appellees.

ROSS, C. J.—This cause is here upon an agreed statement of the case and the proceedings therein, as provided by paragraph 1257 of the Civil Code. Judgment in favor of the defendants-appellants was entered in the lower court on February 19, 1915. The plaintiffs-appellees on February 27th filed their motion for a new trial, and on March 17th an amendment to said motion, on which date the motion was argued and submitted. On April 19th the court granted a new trial. The defendants prosecute this appeal from the order granting a new trial, and allege that the court committed error in two respects: First, in granting a new trial after 20 days from the rendition of the judgment, said motion not having been continued by order of the court or by stipulation; and, second, because the plaintiffs were not entitled to a new trial on the showing made.

To sustain their position on the first point raised appellants rely upon paragraph 591 of the Revised Statutes, which reads as follows:

"All motions for new trial in arrest of judgment, or to set aside a judgment shall be determined within twenty days after the rendition of judgment, and if not so determined shall be deemed denied, unless continued by order of the court, or by stipulation."

Fifty-eight days had intervened between the dates of entering judgment and the granting of new trial. But one minute entry appears in the statement of the case, which was made

XVII Ariz.—26

on March 17, 1915, 24 days after judgment was entered.    The wording of that entry is as follows:

"The said motion for a new trial was argued by counsel for the respective parties and submitted to the court for its decision, and the motion was by the court taken under advisement."

At the time this order was made the motion for a new trial was "deemed denied." Had this order been made within 20 days after the rendition of the judgment, it probably would have been construed as a sufficient order continuing the hearing upon the motion, but, having been made after the 20-day limit, it was upon a matter already decided by the law. *Bigler* v. *Welker*, 16 Ariz. 44, 141 Pac. 124.

An order of the court denying the motion after the 20 days fixed by statute would be a useless thing, as it would not affect one way or another what the law had already declared accomplished, and, if the motion was denied in law, an order by the court granting the motion would be a violation of law and equally ineffective. We are of the opinion, unless the court retains jurisdiction by proper orders of continuance or by stipulation of the parties, it is without power to hear and determine the motion after the 20 days' lapse of time from the rendition of judgment.

The history of paragraph 591 seems to indicate that the purpose of the legislature was to fix a limit beyond which a hearing thereon could not be had, except by a strict observance of its provisions. During territorial days we had terms of court. In most of the counties they were limited to two terms a year. It was found under that system that the losing party could by filing a motion for a new trial often effect the postponement of the fruits of the judgment for as long as 6 months if the court, for any reason, failed to act upon the same before the adjournment of the term. Accordingly, in 1891, by Act No. 49, section 1, of the Session Laws, it was provided:

"In case there shall be no ruling on said motion for a new trial during the term at which it was filed, then said motion shall be deemed to have been denied. . . . "

In the revision of the laws of the territory of Arizona in 1901 this statute was amended and carried forward to read as follows:

"1479. All motions for new trials in arrest of judgment or to set aside a judgment shall be determined at the term of the court at which the motion shall be made, unless continued for good cause."

Our Constitution abolished terms of courts, and the legislature, to meet the evil provided against by the acts of 1891 and 1901, by paragraph 591 placed a definite certain limit of "twenty days after the rendition of judgment" within which a motion for a new trial could be heard and determined, but not afterward, "unless continued by order of the court or by stipulation."

Three grounds were set forth in the motion for a new trial by appellees, but the one relied upon and considered by the court in granting the motion was in the following words:

"Material evidence which, with reasonable diligence, could not have been found and produced at the trial."

The cause here stated for a new trial is not one of the causes provided by law. Paragraph 584, Civil Code.

Material evidence on account of which a new trial may be granted must be "newly discovered." The affidavit upon which the motion for a new trial was based was made by one of the appellees, and clearly showed that, while the evidence might have been material, it was not "newly discovered." It was, in effect, that the other plaintiff was sick and confined in a hosptal in Mexico at the time of the trial, of which the affiant did not learn until two days before the trial. A proper and timely presentation of these facts to the court might have been sufficient grounds for a continuance, but that question is not before us. None of the causes for which a new trial may be granted under the law having been shown, the order granting a new trial was in error.

In jurisdictions having terms of courts judgments are considered probationary during the term at which they are entered. The court may, for sufficient reasons, on its own motion or upon the motion of any party interested therein, set aside or vacate the judgment and grant a new trial at any time during the term. That rule was announced for this jurisdiction in *Svea Ins. Co.* v. *McFarland,* 7 Ariz. 131, 60 Pac. 936; but, since the Constitution of the state provides that "superior court shall at all times, except on nonjudicial days, be open for the determination of nonjury civil causes and for

the transaction of business," we have no terms of court, and therefore the rule above stated has no application. This innovation was doubtless borrowed from the Constitution of the state of Washington, and the decisions of the courts of that state have announced the rule that their judgments no longer have a "probationary period." In *Okazaki* v. *Sussman,* 79 Wash. 622, 140 Pac. 904, the court said:

"It will be remembered that, under the Constitution of this state, superior courts have no terms, but are open for the transaction of business on every day, except nonjudicial days. Judgments therefore have no probationary period during which they are subject to change and modification by the court, such as a judgment had during the term at common law. Under our practice, judgments entered after the time within which a motion for a new trial may be filed have all the conclusiveness of a common-law judgment after term, and can only be changed or modified in the manner, and for some one or more of the causes, provided by statute for vacating and modifying judgments. *State ex rel. McConihe* v. *Steiner,* 58 Wash. 578, 109 Pac. 57."

The learned trial judge, in granting the motion for a new trial, used this language:

"This motion for a new trial is granted to give the plaintiffs an opportunity to produce the plaintiff Guseman, and to prove a contract, which was not done at the former trial, this being a matter entirely within the discretion of the court, and the court is exercising its discretion liberally for the benefit of the plaintiffs, so if they have been wronged in any way they will have ample opportunity to prove it."

The right and power of the trial court to exercise its discretion in granting a new trial is unquestioned when based upon one of the statutory causes, but, as we have said heretofore, the motion did not come within any of such causes. While it is argued here that a new trial was asked for on account of newly discovered material evidence, the fact was that a new trial was asked so that the plaintiffs could in the retrial of their case introduce some evidence of which they had knowledge at the former trial, but failed to introduce. If new trials could be had for such a purpose, there would be no stability to judgments. A party cannot venture on a trial knowing that material witnesses could not be produced,

and after suffering defeat use the absence of such witnesses as a ground for a new trial. If he is not able to produce all of his evidence upon the trial, or if, having it present, he neglects to introduce it, it is at his own hazard; he may not experiment with the court by presenting it in piecemeal, and, suffering defeat, seek a new trial.

The judgment appealed from is reversed and the cause remanded, with instructions to reinstate the original judgment.

FRANKLIN and CUNNINGHAM, JJ., concur.