[No. 13618.   Department Two.   March 2, 1917.]

Patrick McCaffrey *et al.*, *Appellants*, v. Cora S. Snapp, *Respondent*.[1]

Judgment—Modification—Powers of Court. After entry of final judgment on the merits and overruling a motion for a new trial, the court is without power to modify the judgment because of inadvertence in omitting from the decree a provision for the repayment of a sum tendered by the plaintiff, unless the party can show cause for vacating the judgment under Rem. Code, § 235, where the summons was not personally served, or under § 303, for the mistake, inadvertence, surprise, or excusable neglect of the party, or § 464, for mistake or omission of the clerk, or for irregularity or fraud in obtaining the judgment; and there must be an application containing traversible allegations of fact.

Same. The inherent power of the court to make its judgment speak the truth does not extend to errors that did not appear on the face of the record, where the matter was not presented by exceptions, motion for a new trial, or timely request before entry of judgment.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered April 1, 1916, modifying a judgment entered in favor of the plaintiffs, in an action for equitable relief, tried to the court.   Remanded for reinstatement of original judgment.

*S. A. Keenan* (*Emory E. Hess,* of counsel), for appellants.
*Roy L. Cadwallader,* for respondent.

Fullerton, J.—The appellants, being the owners of certain furniture and fixtures in a hotel in the city of Seattle, together with a lease of the hotel property, contracted to sell the same to the respondent for the sum of $1,800.   As a consideration for the sale, the respondent paid to the appellants the sum of $300 and agreed to pay the balance in monthly installments in varying amounts, the deferred payments being evidenced by promissory notes.   The deferred payments were secured by a deed to certain real property

[1]Reported in 163 Pac. 406.

in a neighboring city, the contract providing that, if the purchaser should fail or neglect to pay the installments or any of them when due, the conveyance should become absolute, and the same should be deemed and taken to be in full satisfaction of the debt. The deed, together with the notes, was deposited in escrow with a bank. The respondent refused to pay any of the notes when they fell due, and announced that she had elected to turn the deed over to the appellants in satisfaction of the purchase price.

The appellants, conceiving that they had been overreached and defrauded in the transaction by the respondent, brought the present action to cancel and set aside the sale and recover possession of the property. In their complaint, the appellants set forth the fraud, and alleged that they had tendered to the respondent the sum paid in cash, and had delivered to her an order on the bank for the deed and notes held by it. Issue was taken by the respondent on the allegations of fraud, the tender of the cash payment and the order for the notes and deed, however, being specifically admitted. A trial was had on the disputed questions, at the conclusion of which the court announced its judgment in the following words: "Take a decree canceling the contract, restoring possession to the plaintiff, and $100 and costs." Thereafter, on January 11, 1916, notice thereof having been first duly given to the respondent's counsel, a judgment and decree in the following language was signed and entered:

"The above entitled cause coming on regularly for trial on January 6th before the court, without a jury, plaintiffs being represented by their attorney, S. A. Keenan, and the defendant by her attorneys Beeler & Sullivan, and all things being regular, and after considering the evidence offered by the respective parties together with the argument of counsel:

"It is hereby adjudged and decreed, That the allegations and averments in plaintiffs' complaint relative to the fraud and deception practiced on plaintiffs by defendant, A. R. Roulett and the Squire Investment Co., are sustained by the evidence.

"It is further ordered, adjudged and decreed, That the so-called escrow agreement, a copy of which is annexed to plaintiffs' complaint, be, and the same is hereby set aside and canceled;

"It is further ordered, adjudged and decreed that the property herein described, to wit: All furniture, furnishings and utensils of the Pickwick Hotel at 1409 Boren avenue, Seattle, on presentation to the defendant of a copy of this decree, be immediately thereupon delivered to these plaintiffs; and

"It is likewise ordered, adjudged and decreed, That upon the presentation of copy of this judgment and decree to the defendant, that she sign and execute a reassignment of the lease of said hotel to these plaintiffs.

"And, it is further ordered, adjudged and decreed that plaintiffs have and recover of defendant, Cora S. Snapp, in the sum of one hundred dollars ($100), together with the costs and disbursements of this action."

The respondent, within the time prescribed by statute, moved for a new trial, setting forth all of the statutory grounds. This motion the trial court denied on January 15, 1916. The respondent thereupon gave notice of appeal from the judgment, and, on her request, the amount of a supersedeas bond was fixed in the sum of $800. The bond was not furnished, and the appellants caused an execution to issue on the judgment, under which they were restored to possession.

On March 7, 1916, the respondent, appearing by her attorney, moved the court:

"That the defendant be placed in *statu quo* by restoring to her the warranty deed to Patrick McCaffrey and put in escrow with the National Bank of Commerce, by returning to her the notes mentioned in said escrow agreement and by plaintiffs paying to defendant the three hundred dollars ($300) paid by defendant to the plaintiffs in pursuance to said agreement."

The motion was heard on March 27, 1916. At that time the court entered the following decree:

"The above entitled case coming on regularly for hearing on March 27th, 1916, on defendant's motion to amend decree

and plaintiffs being represented by their attorney S. A. Keenan and the defendant being represented by her attorney Roy L. Cadwallader, all things being regular, and the court having heard the evidence and argument of counsel and being fully advised in the premises, doth make the following amended decree:

"It is hereby ordered, adjudged and decreed, that the allegations and averments in plaintiffs' complaint relative to the fraud and deception practiced on plaintiffs by defendant, A. R. Roulett and the Squire Investment Company, are sustained by the evidence.

"It is further ordered, adjudged and decreed, that the so-called escrow agreement, a copy of which is annexed to the plaintiffs' complaint, be and the same is hereby canceled and set aside.

"It is further ordered, adjudged and decreed, that the property therein described, to wit: All the furniture, furnishings and utensils of the Pickwick Hotel, at 1409 Boren avenue, Seattle, on presentation to the defendant of a copy of this decree be immediately thereupon delivered to these plaintiffs.

"It is further ordered, adjudged and decreed, that upon the presentation of copy of this judgment and decree to the defendant that she sign and execute a reassignment of the lease of said hotel to these plaintiffs.

"It is further ordered, adjudged and decreed, that the National Bank of Commerce of Seattle, return to the defendant, Cora S. Snapp, the warranty deed and notes placed in escrow with said bank under the provisions of said escrow agreement hereinbefore canceled and set aside.

"It is further ordered, adjudged and decreed, that the defendant have and recover from the plaintiffs Patrick McCaffrey and Mary McCaffrey, his wife, the sum of three hundred dollars ($300), which amount the defendant paid on the canceled escrow agreement, at the inception of the said agreement, less the sum of one hundred dollars ($100) damages allowed the plaintiffs under the allegations of the complaint, costs in the original action, and thirty dollars ($30) allowed by the court on plaintiffs' order to show cause, said $30 being allowed by the court for unpaid gas and water bills which accrued during the time the defendant was in possession of the Pickwick Hotel, and for rents collected

by the defendant in advance of the time of her eviction from
said premises; that said sum of one hundred thirty dollars
($130) and costs are to be deducted from the three hundred
dollars ($300) due the defendant from the plaintiffs, and the
defendant is entitled to the balance; that said costs herein-
before mentioned do not include the costs at the hearing on
defendant's motion to amend decree and plaintiffs' order to
show cause, each side paying their own costs in that behalf."

No showing of cause for modification of the judgment ac-
companied the motion, nor was any evidence introduced at
the hearing had thereon showing or tending to show a cause
for modification. The statement of facts, however, recites
that the "court through inadvertence omitted from the oral
announcement of the decision a provision for the return of
the sum of $300 paid to the plaintiff by the defendant," and
"that there was omitted from said judgment and decree any
reference to the sum of $300, and that the matter was not
then called to the attention of the court."

This appeal is from the amended judgment, the appellants
contending that the court was without power to modify or
amend the original judgment, on the mere motion of the
judgment debtor, for the cause stated by the court.

We have held that, in this state, judgments have no period
during which they are subject to change or modification by
the court, such as a judgment had during the term at com-
mon law; but that, on the contrary, judgments regularly en-
tered after the time within which a motion for a new trial
may be filed have all the conclusiveness of a judgment at
common law after term, and can only be modified or vacated
in the manner, and for some one or more of the causes, pro-
vided by the statute for vacating or modifying judgments.
*Keith v. Rose*, 59 Wash. 197, 109 Pac. 810; *State ex rel.
McConihe v. Steiner*, 58 Wash. 578, 109 Pac. 57; *Okazaki v.
Sussman*, 79 Wash. 622, 140 Pac. 904.

Turning to the statutes, we find nothing which warrants
the vacation of a judgment and the entering of another and
different judgment because the presiding judge inadver-

tently omitted something therefrom which he would have included in it had it been called to his attention. By Rem. Code, § 235, the court may, on application and good cause shown, in a case where the summons is not served personally, allow a defendant to defend after judgment; by § 303, it may relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect; and by § 464, it may relieve by granting a new trial, for mistakes, neglect, or omission of the clerk, or irregularity in obtaining the judgment, for fraud practiced by the successful party, for erroneous proceedings against a minor, for the death of one of the parties prior to judgment, for unavoidable casualty or misfortune preventing the party from prosecuting or defending, and for error shown by a minor. To obtain the relief provided for by these provisions of the statute, moreover, the application must be accompanied by some traversible allegation of fact showing cause for the relief asked. A mere naked application is not sufficient. The opposing party is entitled to controvert the application, and to do this he must be advised as to the grounds of the application.

It is plain, we think, that the reason assigned for the modification of this judgment does not fall within any of the statutory provisions cited. The failure of the court to give all of the relief it otherwise would have given had the order for judgment or the judgment itself been more fully considered is clearly not one of the enumerated grounds, and this is all that the present record discloses.

But it is said that the court has inherent power to make its judgment speak the truth, and this it may do on its own motion at any time. The proposition as stated is no doubt true, but we cannot conceive that this is a case of that sort. If the court directs judgment for one party and the clerk enters it for another, or if the court directs a certain judgment and another and different judgment is entered, doubtless the court can order its correction when the matter is

brought to its attention; but the error must appear on the face of the record; the court cannot, in this manner, correct or modify a judgment entered in accordance with its directions.

It is not asserted, of course, that there is no remedy for a failure of the court to direct a judgment for all of the relief to which the prevailing party is entitled. The remedy lies in another direction. For failure of this sort the party must present the request before judgment is entered, either by an exception to the order, a motion for a new trial, or by presenting a form embodying all that he claims. He cannot allow the order to pass unquestioned, a judgment to be entered according to the order, and then ask a correction after entry, unless, of course, he brings himself within some of the statutory grounds for vacating or modifying the judgment.

Our conclusion is that the court erred in entering the modified judgment. The order of this court is, therefore, that the modified judgment be set aside, and the cause remanded with instructions to reinstate the original judgment.

MORRIS, MOUNT, PARKER, and HOLCOMB, JJ., concur.