## DETERMINED IN THE

# SUPREME COURT

## OF

# WASHINGTON

[No. 17547. Department Two. March 1, 1923.]

JULIUS SCHMELLING, *Appellant*, v. WILLIAM HOFFMAN et al., *Respondents*.[1]

APPEAL (23)—DECISIONS REVIEWABLE—SUITS IN EQUITY—AMOUNT IN CONTROVERSY. The constitutional limitation upon the amount involved does not apply to an equitable case to enforce the specific performance of a contract.

JUDGMENT (84)—MODIFICATION—POWERS OF COURT. After the time for serving a notice of motion for a new trial, as provided by Rem. Comp. Stat., §§ 235, 313, and 464, the court is without power to modify a decree for specific performance to relieve defendants from the obligation of furnishing an abstract, which the court had not intended to include.

Appeal from an order of the superior court for King county, Griffiths, J., entered March 3, 1922, modifying a judgment, after a hearing before the court. Reversed.

*Russell & Blinn,* for appellant.

*Dan Earle,* for respondents.

TOLMAN, J.—This action was originally brought by the appellant, as plaintiff, to enforce specific performance of a contract for the sale of real estate. The defendants (respondents here) raised the defense that the purchase price had not been fully paid, and demanded that an account be taken to determine the

[1]Reported in 213 Pac. 478.

amount still unpaid. A trial was had on this issue, which resulted in the entry of a judgment on March 3, 1922, which provides:

"Ordered, adjudged and decreed that upon the payment to defendants by plaintiff of the sum of $55.00, being $54.92 and interest thereon from the 21st day of February, 1922, that said defendants, William Hoffman and Emelie Hoffman, his wife, convey said lots 21, 22 and 23, Block 7, Steel Works Addition to West Seattle (now Seattle), King county, Washington, in all respects according to the terms of that certain contract between Laura Atwood and E. F. Atwood, first parties, and L. V. Baker, second party, dated June 13, 1913, and recorded on June 13, 1914, in Volume 874 of deeds, page 186, in the office of the auditor of King county, Washington.

"And it is hereby further

"Ordered, adjudged and decreed that neither party hereto recover costs as against the other."

It appears that thereafter a dispute arose between the parties as to whether by this judgment the defendants were obliged to furnish an abstract of title as provided by the terms of the contract referred to in the judgment, and the defendants, on June 24, 1922, made an oral motion to have the judgment so modified as to relieve them from so doing. The plaintiff objected to the hearing of this motion upon the ground that the defendants had no standing to make the application, and the court had no jurisdiction to entertain it. Affidavits were filed by both sides, and thereafter, on July 1, 1922, the court entered its order reciting that the question of furnishing an abstract had been fully litigated in the trial of the cause, decided adversely to plaintiff's contention, and that, in making its judgment, the court had not intended to thereby require the defendants to provide an abstract. The order then proceeds to modify the judgment ac-

cordingly, allowing costs to plaintiff. The plaintiff prosecutes this appeal from the order modifying the judgment.

Respondents have moved to dismiss the appeal upon the ground that the amount in controversy is less than $200; but this action is clearly an equitable one, and we have uniformly held that the constitutional limitation as to the amount involved does not apply in equitable proceedings. *Fox v. Nachtsheim,* 3 Wash. 684, 29 Pac. 140; *Fenton v. Morgan,* 16 Wash. 30, 47 Pac. 214; *Bennett v. Thorne,* 36 Wash. 253, 78 Pac. 936, 68 L. R. A. 113; *Horrell v. California etc. Ass'n,* 40 Wash. 531, 82 Pac. 889; *Agnew v. Barto & Sons Bank,* 48 Wash. 66, 92 Pac. 885, and *Gordon v. Cummings,* 78 Wash. 515, 139 Pac. 489. The motion to dismiss the appeal is therefore denied.

On the merits, the case is governed by the case of *McCaffrey v. Snapp,* 95 Wash. 202, 163 Pac. 406. The judgment as originally entered was a final judgment, and after the time within which a motion for a new trial might have been served, could only be modified for one or more of the reasons provided by the statute. Rem. Comp. Stat., §§ 235, 303, 464. The showing made does not bring the case within any of the statutory provisions. In the *McCaffrey* case, *supra,* it was made to appear that the trial court had by inadvertence omitted to make provision in its judgment for the return of $300, and this court there said:

"It is plain, we think, that the reason assigned for the modification of this judgment does not fall within any of the statutory provisions cited. The failure of the court to give all of the relief it otherwise would have given had the order for judgment or the judgment itself been more fully considered is clearly not one of the enumerated grounds, and this is all that the present record discloses.

"But it is said that the court has inherent power to make its judgment speak the truth, and this it may do on its own motion at any time. The proposition as stated is no doubt true, but we cannot conceive that this is a case of that sort. If the court directs judgment for one party and the clerk enters it for another, or if the court directs a certain judgment and another and different judgment is entered, doubtless the court can order its correction when the matter is brought to its attention; but the error must appear on the face of the record; the court cannot, in this manner, correct or modify a judgment entered in accordance with its directions."

The judgment was erroneously modified, and therefore the order of this court is that the modified judgment be reversed and the cause remanded with instructions to reinstate the original judgment.

MAIN, C. J., FULLERTON, and PEMBERTON, JJ., concur.