[No. 18258.   Department Two.   December 10, 1923.]

ANTON MARINOVICH, *Plaintiff and Appellant,* v. R. F.
LINDH *et al., Defendants and Respondents,*
ALFRED MANSON *et al., Defendants.*[1]

JUDGMENT (86, 100, 121)—AMENDMENT OR VACATION—JUDGMENTS
THAT MAY BE CORRECTED OR VACATED—TIME FOR APPLICATION. Where
a default judgment, entered after answer, was invalid and conflicted
with the final judgment after trial on the merits, and the invalidity
appears on the face of the record, the court properly vacated and
modified it to conform to the final judgment; and it cannot be ob-
jected that the application to modify was not made within one year
from its entry, under Rem. Comp. Stat., §§ 466, 467.

Appeal from a judgment of the superior court for
King county, Smith, J., entered June 1, 1923, upon
dismissing an action to subject property to a judg-
ment, after a trial on the merits to the court.   Affirmed.

*Fred C. Campbell,* for appellant.

*Paul & Barker (Adam Beeler,* of counsel), for
respondents.

PEMBERTON, J.—On November 12, 1921, appellant, a
judgment creditor of R. F. Lindh and wife, instituted
this action against all of the defendants to subject
certain property to the payment of his judgment.
Appellant alleges in his complaint that R. F. Lindh and
his wife, on the 1st day of July, 1920, entered into a
contract with Blanche Adams, wherein they agreed to
sell certain real estate; that thereafter the grantee
leased the property to Eleda Jo Helland, who still
remains in possession of the same; that on the 11th
day of June, 1921, R. F. Lindh and wife assigned to
David F. Lindh all their rights under the contract of
sale.   It is claimed by appellant that this assignment

[1]Reported in 220 Pac. 807.

is wholly ineffective and void. Appellant further alleges that the vendee, Blanche Adams, assigned her interest in the lease agreement to Alfred Manson and Anna Manson, his wife. Appellant asked that judgment be entered decreeing that David F. Lindh and wife have no interest in the property, and that Alfred Manson and Anna Manson, his wife, and Eleda Jo Helland be directed to pay the rental and balance due on the contract to appellant to apply upon the judgment.

Summons and complaint were served upon all of the defendants in the action. R. F. Lindh and wife and David F. Lindh and wife served an answer on the 23d day of December, 1921, denying the material allegations of the complaint. Judgment by default was entered on December 31, 1921, wherein Alfred Manson and Anna Manson and each of them were required and directed to pay to appellant the balance of the purchase price due under the contract amounting to the sum of $1,145. On June 2, 1922, after trial upon the issues raised in the complaint and answer, judgment was entered dismissing the action of appellant.

On the 28th day of May, 1923, respondent filed a motion to modify the judgment entered on June 2, 1922, for the reason that this judgment was in conflict with the former judgment entered on the 31st day of December, 1921. On June 1, 1923, this motion was granted and the judgment of June 2, 1922, was modified by providing that the judgment of December 31, 1921, be vacated and set aside wherein it refers to the payments due under the real estate contract from Alfred Manson and Anna Manson, his wife. From this judgment this appeal is taken.

It is contended by appellant that the judgment entered on the 1st day of June, 1923, purporting to amend the judgment entered on June 2, 1922, providing

for the vacation of the judgment entered on December 31, 1921, is invalid because the application to modify was not made within one year of the entry of the judgment of December 31, 1921. Sections 8132, 8133, P. C. [§§ 466, 467, Rem. Comp. Stat.].

The judgment of December 31, 1921, was invalid. All that should have been entered at that time was simply a default and not a judgment upon the merits. Under the pleadings, there could be no judgment against Alfred Manson and Anna Manson, his wife, until after the determination of the controversy between appellant and respondents. Judgments are not entered in piecemeal, but after a final determination upon the issues. This invalidity appears on the face of the record and the court properly removed the conflict between the erroneous judgment of December 31, 1921, and the final judgment of June 2, 1922. *McCaffrey v. Snapp*, 95 Wash. 202, 163 Pac. 406; *Fisher v. Jackson*, 120 Wash. 107, 206 Pac. 929; *O'Bryan v. American Inv. & Imp. Co.*, 50 Wash. 371, 97 Pac. 241; *Litzell v. Hart*, 96 Wash. 471, 165 Pac. 393.

The judgment will be affirmed.

MAIN, C. J., MITCHELL, FULLERTON, and BRIDGES, JJ., concur.