[No. 33805. Department Two. February 14, 1957.]

*In the Matter of the Estate of* ANNA KRAMER, *Deceased.*
MICHAEL KRAMER, *Respondent,* v. SYLVIA NELSON *et al.,*
*Appellants.*[1]

*Ward V. Williams*, for appellants.

*Donald M. Bushnell*, for respondent.

MALLERY, J.—A final decree of distribution was entered in the estate of Anna Kramer, deceased, on March 27, 1950. Her will had provided, *inter alia*:

"I hereby give, devise and bequeath unto my beloved husband, Michael Kramer, my entire estate . . . FOR AND DURING HIS NATURAL LIFE ONLY and to use the rentals, income, interest and issues thereof for his natural life with the absolute right to use so much of the principal of said estate as he may deem necessary for his comfort and support and in such event to have, and I hereby give him the right to sell, mortgage, transfer, convey and change the character of my estate without the intervention of any court and the same as I could do were I living and present."

Notwithstanding this provision of the will, the final decree contained a restriction upon the right of the surviving spouse to use the principal of the estate. It consists of the phrase in the decree which we have italicized.

[1]Reported in 307 P. (2d) 274.

" . . . with the special provision that in the event that it is necessary for the surviving husband's comfort and support *and the court so finds*, then said surviving husband may use as much of the principal of the estate as shall be necessary for his comfort and support, all as provided in the last will and testament of said deceased."

The court granted the petition of the surviving spouse to correct and amend the final decree *nunc pro tunc* to avoid the restrictive effect of the phrase *"and the court so finds."* Sylvia Nelson and Iver Swanson, children of the deceased by a former marriage and the remaindermen under the will, appeal.

Rule of Pleading, Practice and Procedure 7, 34A Wn. (2d) 73, provides, *inter alia*:

"Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

■ The appellants contend it was the intention of the court to include the objectional phrase *"and the court so finds"* in the decree when it was signed, and it was, therefore, not a clerical mistake. They contend that an intentional act of the court, even when it is a judicial error, cannot be corrected under the cited rule. This is true, but the facts in this case do not fall under the rule for which appellants contend.

An examination of the record supports the trial court's position that the error was *unintentional* for the following reasons: The decretal portion of the decree is at variance with both the court's findings of fact therein and the terms of the will. The judge who signed the decree testified it was not his intention to enter a decree contrary to the provisions of the will, because the testatrix had a right to dispose of her property the way she saw fit. The explanation for the error was that the attorney for the estate (not counsel for respondent) did not properly supervise his secretary's work in drawing the decree, which he submitted to the court but did not read. In this situation, the court was a victim of a

misplaced confidence in the attorney, and the decree was not what he intended to sign. The error is obvious and certain. It can be corrected under the rule.

The trial court's order amending the decree is affirmed.

HILL, C. J., DONWORTH, WEAVER, and OTT, JJ., concur.

March 28, 1957. Petition for rehearing denied.