[No. 34206. Department One. September 19, 1957.]

ERIC RAJEWSKI, *Respondent,* v. HAROLD A. DART *et al.,*
*Appellants.*[1]

*Harvey Erickson* and *Frank R. Freeman,* for appellants.

*Joseph P. Delay,* for respondent.

OTT, J.—September 6, 1955, Eric Rajewski delivered to
Harold A. Dart, an implement dealer doing business as Dart
Truck and Tractor Company, a combine harvester. At the
time of the delivery, the parties executed the following
agreement:

"We agree to take in Eric Rajewski combine No. 125 S. P.
for $1800. on a new R180 truck & dump bed *or the equivalent
in price.* 9-6-55." (Italics ours.)

Before Rajewski had selected a new R180 truck or other
implements equivalent in price, Dart sold the combine.

[1]Reported in 315 P. (2d) 636.

Eric Rajewski commenced this action, seeking judgment against Dart (who will be referred to herein as though he were the sole defendant) for the sum of eighteen hundred dollars.

Harold Dart answered the complaint and alleged, as an affirmative defense, that Dart had allowed Rajewski credit in the sum of eighteen hundred dollars for his combine trade-in, and that Rajewski had not used his credit allowance, pursuant to the agreement.

The cause was tried to the court. April 5, 1956, findings of fact, conclusions of law, and judgment were entered. Pertinent portions of the findings, conclusions, and judgment are as follows:

Finding of Fact No. 3: "That on or about September 6, 1955 the plaintiff delivered a combine to the defendants to trade in on a new R-180 truck and dump bed *or the equivalent.*" (Italics ours.)

Finding of Fact No. 4: "That the delivery on September 6, 1955 was a trade-in and not a sale and the plaintiff has the right to accept in any reasonable time a new R-180 truck and dump bed *or the equivalent in price.*" (Italics ours.)

Conclusion of Law No. 1: "That the plaintiff is entitled to a trade credit of $1,800.00 at any reasonable time against the defendant on the purchase of a new R-180 truck and dump bed *or the equivalent in price.*" (Italics ours.)

Judgment: " . . . that the plaintiff shall have Judgment for a trade credit against the defendant of $1,800.00 on a new R-180 truck and dump bed *or the equivalent in price;* and the plaintiff's claim for a money judgment against the defendants is denied; and the plaintiff shall have the right to use the said trade credit at any reasonable time within six years from date; . . . " (Italics ours.)

June 25, 1956, Rajewski served and filed a petition in the same proceeding "to determine meaning of judgment." The petition alleged, *inter alia*, that Rajewski had asked to apply the trade-in allowance upon a 1955 International pick-up truck, and that Dart had refused to allow the credit on the merchandise selected. There is no evidence that the selection was equivalent in value to a new R180 truck and dump bed.

December 14, 1956, the court entered a judgment *amending* its judgment of April 5, 1956. A portion of the amended judgment is as follows:

" . . . it is by the Court ORDERED, ADJUDGED, AND DE-CREED that Plaintiff shall be and he is hereby granted Judgment for a trade credit against the Defendants H. A. DART and MRS. H. A. DART, husband and wife, of $1,800.00 on a new truck *or other machinery or other goods as ordered by the Plaintiff*; . . . " (Italics ours.)

From the amended judgment, Dart has appealed.

Appellant's principal assignment of error is that the court had no jurisdiction to enter the amended judgment.

After the expiration of the time for granting a new trial, the court is without jurisdiction to amend its judgment. *Huseby v. Kilgore*, 32 Wn. (2d) 179, 201 P. (2d) 148 (1948); *Okazaki v. Sussman*, 79 Wash. 622, 140 Pac. 904 (1914). A judgment may be vacated upon any of the grounds enumerated in RCW 4.72.010 [*cf*. Rem. Rev. Stat., § 464]. The respondent did not allege or prove any of the statutory grounds for vacating the judgment.

Respondent contends that the amended judgment was a correction of a clerical error in the initial judgment, and that such correction is sanctioned by Rule of Pleading, Practice and Procedure 7, 34A Wn. (2d) 73. Respondent relies upon *In re Kramer's Estate*, 49 Wn. (2d) 829, 307 P. (2d) 274 (1957). In the cited case, this court approved a correction in a judgment, where there was proof of a stenographic error, and where the judgment conflicted with the court's factual determination and the terms of the will being construed.

In the instant case, the court's findings of fact supporting the judgment of April 5, 1956, are in the exact words of the contract. There is no evidence of a clerical error; hence, Rule of Pleading, Practice and Procedure 7 is not applicable. The amended judgment of December 14th is contrary to the court's findings and judgment of April 5th, and contrary to the contract between the parties. The cited case is not apposite. Respondent's contention is without merit.

Under the facts of this case, the court lacked jurisdiction to amend its judgment. The cause is remanded, with instructions to reinstate the judgment of April 5, 1956.

HILL, C. J., MALLERY, FINLEY, and WEAVER, JJ., concur.