[No. 1049-1.    Division One—Panel 2.    December 20, 1971.]

SMYTH WORLDWIDE MOVERS, INC., *et al.*, *Plaintiffs*, v. KATH-
ERINE R. WHITNEY *et al.*, *Defendants*, MASTER MORTGAGES,
INC., *Appellant*, ROGER S. JOHNSON, *Respondent.*

*Richard Weil*, for appellant.

*Joseph S. Kane*, for respondent.

SWANSON, J.—This appeal concerns the validity of a stip-
ulated order which modified a decree of foreclosure by
giving a junior encumbrancer the right to redeem from the
sheriff's sale, a right denied by the earlier decree.

The pertinent and undisputed facts are these: Smyth
Worldwide Movers, Inc., hereinafter referred to as
"Smyth," brought suit to foreclose its first mortgage on
certain real estate; named the First Bank of Valdez, herein-
after referred to as "Valdez," as holder of a second mort-
gage on the same real estate; and asked for a decree of
foreclosure free from all redemption rights, pursuant to

RCW 61.12.093.[1] Valdez was declared to be in default, and a foreclosure decree entered on January 21, 1970, gave Smyth judgment, free from all redemption rights.

On March 3, 1970, Smyth assigned its interest in the judgment to Union Street Enterprises. Then, on April 20, 1970, Valdez assigned its mortgage to Master Mortgages, Inc. Thereafter, on August 18, 1970, an order directing that a public sale of the property be held on October 2, 1970, was entered, and publication regularly followed.

On September 23, 1970, Union Street Enterprises, who now owned the judgment, and Master Mortgages, Inc., entered into a stipulation providing for the modification of the foreclosure decree. The stipulation and order dated September 23, 1970, both stated in part:

> First Bank of Valdez, through its assignee, Master Mortgages, Inc. shall be entitled to redeem from the Sheriff's Sale to be held herein as provided by law for holders of junior mortgages.

The sale was held on October 2, 1970, at which time Roger S. Johnson bid $3,760.35 for the property and was declared the successful bidder.

Thereafter, Master Mortgages, Inc., filed its notice of intent to redeem and tendered the necessary funds to the sheriff, but the sheriff refused to issue a certificate of redemption, and asked for a court determination.

On November 5, 1970, the purchaser at the sale, Roger S. Johnson, asked the court to reconsider its September 23, 1970, order which allowed redemption rights and asked for a sale of the property without such rights. On December 15, 1970, the trial court determined that its September 23 order

---

[1]RCW 61.12.093 provides in part: "In actions to foreclose mortgages on real property improved by structure or structures, if the court finds that the mortgagor or his successor in interest has abandoned said property for six months or more, the purchaser at the sheriff's sale shall take title in and to such property free from all redemption rights as provided for in RCW 6.24.130 et seq. upon confirmation of the sheriff's sale by the court." See RCW 61.12.094 which states in part: "No mortgagee shall deprive any mortgagor, his successors in interest, or any redemptioner of redemption rights by default decree without alleging such intention in the complaint: . . ."

*granting* redemption rights *to* Master Mortgages, Inc. was invalid and ordered it vacated.[2]

Master Mortgages, Inc. appeals from the December 15, 1970, order and contends that the parties in interest may, by stipulation at any time, vacate or modify a judgment. Respondent Johnson's defense of the December 15 order seems to rest primarily on procedural grounds. He argues that a judgment is a final judicial determination which cannot be changed by agreement of the parties and that CR 60 sets forth the exclusive procedure for vacating or modifying a judgment. Because this rule was not followed, he says, the trial court lacked authority to vacate or modify its prior judgment.

But does the stipulation of the parties, as appellant argues, give the court authority to modify the judgment and relieve the appellant from the provisions in the foreclosure decree extinguishing redemption rights? We answer this question in the affirmative.

▮ Stipulations and agreements of counsel are viewed with favor *unless some good, contrary reason is shown.* This general rule is stated in 50 Am. Jur. *Stipulations* § 12 (1944):

> The courts look upon stipulations with favor, and, as a rule, will enforce all stipulations of parties or their attorneys for the government of their conduct or the control of their rights in the trial of a cause or the conduct of litigation, if such stipulations are not unreasonable, not against good morals or sound public policy, are within the general scope of the case made by the pleadings, and are in such form as may be required by rule of court or statutory enactment.

---

[2]The trial court's oral opinion which is included in the record before us states:

The Court finds (1) that Roger S. Johnson had standing to challenge the Stipulation For and Modification Of Decree Nunc Pro Tunc entered September 23, 1970, and (2) that Union Street Enterprises and Master Mortgages, Inc. could not modify nunc pro tunc the original foreclosure decree entered January 21, 1970 to allow redemption rights because those redemption rights had been extinguished by the earlier decree. Accordingly, the Court holds that the Stipulation For and Modification of Decree Nunc Pro Tunc entered September 23, 1970 is invalid and should be vacated.

(Footnotes omitted.) Our statutory law, RCW 2.44.010, authorizes stipulations by attorneys binding upon their clients, providing agreements are made in open court or in writing. *See also* CR 2A. A stipulation entered into in open court providing for the sale of property was held binding in *Cook v. Vennigerholz*, 44 Wn.2d 612, 269 P.2d 824 (1954), and in *Lasell v. Beck*, 34 Wn.2d 211, 208 P.2d 139 (1949), the court recognized that a proper stipulation would serve to vacate a default judgment. But the effect of a stipulation is not without limitation. Our Supreme Court, in *Miles v. Chinto Mining Co.*, 21 Wn.2d 902, 903, 153 P.2d 856 (1944), stated:

It is a universal rule that the parties to an action cannot, by stipulation, confer upon a court a jurisdiction with which it is not vested.

The Illinois Appellate Court in *Roin v. Checker Taxi Co.*, 36 Ill. App. 2d 447, 184 N.E.2d 736 (1962), stated at page 450:

a court may vacate or modify its judgment, after it has otherwise lost jurisdiction through the passage of time, when all the parties to the suit consent to it. [Citations omitted.]

*Accord, Reisman v. Central Mfg. Dist. Bank*, 316 Ill. App. 371, 45 N.E.2d 90 (1942).

It is well recognized that a judgment may be entered by consent or stipulation of the parties. *Washington Asphalt Co. v. Harold Kaeser Co.*, 51 Wn.2d 89, 316 P.2d 126, 69 A.L.R.2d 752 (1957). *See also* RCW 4.60.010, *et seq.*, authorizing judgment by confession. If the parties to an action may by stipulation consent to the entry of a judgment, we know of no reason why they cannot also consent to its vacation or modification, and respondent has suggested none.

In the case at bar, the court's general jurisdiction over the decree of foreclosure ceased when it entered the formal judgment on January 21, 1970, and after the expiration of the time for granting a new trial, but the court retained limited control over the judgment for the correc-

tion of errors under CR 60, and for vacation of the judgment pursuant to the rules, upon any of the grounds stated in RCW 4.72.010. *Rajewski v. Dart,* 51 Wn.2d 52, 315 P.2d 636 (1957). Even though the appellant Master Mortgages, Inc. did not file a formal motion pursuant to CR 60, the judgment creditor, by entering into the stipulation, waived the procedural requirements of the rules and thereby removed any procedural impediment from the entry of the order modifying the earlier decree. There is no suggestion here that the attorneys for Union Street Enterprises or for Master Mortgages, Inc. lacked authority to enter into the stipulation, or that the rights of any other party to the action were affected, or that the purchaser at the sale, respondent Johnson, was misled by the modified order,[3] or that it is against sound public policy. It is also significant that respondent has failed to cite to us a single precedent or any authority indicating that a judgment cannot be modified by a stipulation of the parties.

In view of our disposition of appellant's first assignment of error, we do not reach the question of respondent's standing to challenge the validity of the order modifying the foreclosure decree.

The order of December 15, 1970, vacating the September 23, 1970, order granting redemption rights is reversed.

FARRIS, A.C.J., and JAMES, J., concur.

---

[3]Respondent Johnson does not claim either surprise or prejudice because of the modification of the foreclosure decree. He was aware of Master Mortgages, Inc.'s right to redeem, at least on October 1, 1970, the day before the sale when he filed a motion asking that the court reconsider its September 23 order which granted appellant the right to redeem from the sheriff's sale. Respondent submitted his bid at the sheriff's sale with this knowledge.