[No. 1010-3.  Division Three.  May 9, 1975.]

SEATTLE-FIRST NATIONAL BANK, *Respondent*, v. LOUIS J. TREIBER, JR., *et al*, *Appellants*.

*Edward F. Shea* (of *Peterson, Taylor & Day*), for appellants.

*Thomas A. Cowan* (of *Butler & Pickett*), for respondent.

McInturff, C.J.—Defendant appeals from the trial court's order modifying an amended judgment.

Defendant (hereinafter Treiber) signed a promissory note on March 24, 1971, in favor of plaintiff (hereinafter Seattle-First), and Seattle-First took a security interest in Treiber's farm equipment and livestock. The note was not paid when due and Seattle-First brought an action to recover on the note and foreclose its security. On April 27, 1973, Treiber entered into a covenant and agreed to allow Seattle-First to take a default judgment for the money due it on the note and, in return, Seattle-First agreed not to execute on the judgment. A default judgment was entered the same day. The covenant to forbear execution on the default judgment was expressly conditioned on the subsequent payment by Treiber of "any outstanding feed bills" incurred during the time Seattle-First had an attachment on Treiber's livestock.

On May 11, 1973, the original judgment was amended in pertinent part, as follows:

[T]he Court having considered the files and records herein and a certain Covenant Not To Execute to Judgment, outlined by the parties for agreement authorizing plaintiff to take a default judgment against the defendants under conditions set forth in said Covenant, and the defendants thereupon stipulating to withdraw their answer and allow plaintiff to take judgment by default; and other good cause appearing; Now Therefore

It is hereby Ordered that plaintiff have judgment against the defendants in the sum of $45,052.82, plus interest at the rate of 8% per annum from April 27, 1973 until the debt is paid; and

It is further Ordered, Adjudged And Decreed that plaintiff have judgment against the defendants for its reasonable attorney fees in the sum of $945, plus costs of collection in the sum of $1,215, plus costs and disbursements taxed by the Clerk of this Court in the sum of $46.

The feed bills were not paid and Seattle-First obtained an order requiring Treiber to show cause why they should not be paid. On November 2, 1973, the court, after a hear-

ing, modified the amended judgment by adding the following paragraph:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiff have judgment against defendants for $8,326.38, plus interest at 8% per annum from the date of judgment until paid, said amount being the outstanding feed bills for the hogs and sows owned by defendants, in which plaintiff had a security interest.

In so doing, the court reasoned that the amended judgment should be further modified to incorporate the feed bills because the judgment of May 11, 1973, was based on the covenant and therefore the judgment should have incorporated the promise to pay the feed bills.

ISSUE: Did the court have the inherent authority to amend the judgment? Seattle-First adopts the position that it did because the original judgment was intended to include the feed bills.

■ The original rule established in *O'Bryan v. American Inv. & Imp. Co.*, 50 Wash. 371, 97 P. 241 (1908), is that the superior court has inherent authority, independent of statute, to modify a judgment to make it conform to the judgment intended to be entered[1] when to do so will not affect the substantial rights of innocent third persons. The inherent power of the court to vacate or amend a judgment is embodied in CR 60 which in turn is based on RCW 4.72.010.[2] Trautman, *Vacation and Correction of Judgments in Washington*, 35 Wash. L. Rev. 505, 506 (1960). CR 60,[3] then, is the appropriate device to amend a judgment after

---

[1] *Accord, Columbia Valley Credit Exch., Inc. v. Lampson*, 12 Wn. App. 952, 956, 533 P.2d 152 (1975).

[2] CR 60(b) supersedes RCW 4.72.010 to the extent that it covers relief from judgments.

[3] CR 60(b) provides in pertinent part:
"(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
"(1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;"

the time has elapsed under CR 59(h). 4 L. Orland, Wash. Prac. 418 (1968).

In *O'Bryan* the judgment of the trial court was not that which was intended; the minutes of the court clerk indicated that the judgment was not in conformity with the intention of the court. Since that time there have been attempts to modify or vacate judgments on the grounds that the judgment entered did not conform with the unexpressed intent of the judge. They have generally failed. *State ex rel. Lundin v. Superior Court*, 90 Wash. 299, 155 P. 1041 (1916); *McCaffrey v. Snapp*, 95 Wash. 202, 163 P. 406 (1917); *Schmelling v. Hoffman*, 124 Wash. 1, 213 P. 478 (1923).

█ Several cases have disallowed the modification of judgments with similar circumstances to that found in the instant case.[4] Cases dissimilar to the instant case allowing modification are many.[5] The philosophy supporting the ra-

---

[4] *E.g., Rajewski v. Dart*, 51 Wn.2d 52, 315 P.2d 636 (1957) (modification improper where amended judgment was contrary to parties' contract and court's original findings and judgment); *Schmelling v. Hoffman*, 124 Wash. 1, 213 P. 478 (1923) (a judgment referring to a contract to sell property could not be modified to include an abstract of title to be provided under the terms of that contract where the court did not so originally intend); *McCaffrey v. Snapp*, 95 Wash. 202, 163 P. 406 (1917) (judgment cancelling a contract could not be modified to include a sum of money previously paid under that contract).

[5] *E.g., In re Estate of Kramer*, 49 Wn.2d 829, 307 P.2d 274 (1957) (modification of decree of distribution proper where unintentional clerical error conflicted with court's findings and terms of a will; *Pappas v. Taylor*, 138 Wash. 31, 244 P. 393 (1926) (supplemental decree appointing a receiver to enforce an original decree entered did not change liability of the parties); *Marinovich v. Lindh*, 127 Wash. 349, 220 P. 807 (1923) (where a default judgment conflicted with a subsequent judgment entered on the merits where the invalidity appeared on the face of the record the court properly vacated the former and modified the latter); *Litzell v. Hart*, 96 Wash. 471, 165 P. 393 (1917) (court signed a decree at variance with the decree actually directed to be entered); *National Bank of Commerce v. L. Kilsheimer & Co.*, 59 Wash. 460, 110 P. 15 (1910) (erroneous order confirming a sale of goods in receivership may be modified to conform to original order of sale); *O'Bryan v. American Inv. & Imp. Co.*, 50 Wash. 371, 97 P. 241 (1908) (modification allowed where it was the intention of the court to dismiss an action without prejudice to the plaintiff).

tionale in the instant case was well stated in *McCaffrey v. Snapp, supra* at pages 207-08:

> It is plain, we think, that the reason assigned for the modification of this judgment does not fall within any of the statutory provisions cited. The failure of the court to give all of the relief it otherwise would have given had the order for judgment or the judgment itself been more fully considered is clearly not one of the enumerated grounds, and this is all that the present record discloses.
>
> But it is said that the court has inherent power to make its judgment speak the truth, and this it may do on its own motion at any time. The proposition as stated is no doubt true, but we cannot conceive that this is a case of that sort. If the court directs judgment for one party and the clerk enters it for another, or if the court directs a certain judgment and another and different judgment is entered, doubtless the court can order its correction when the matter is brought to its attention; *but the error must appear on the face of the record; the court cannot, in this manner, correct or modify a judgment entered in accordance with its directions.*

(Italics ours.) *Accord, Schmelling v. Hoffman, supra* at 3-4 (quoting with approval); *see In re Estate of Kramer*, 49 Wn.2d 829, 307 P.2d 274 (1957).

In *State v. Sampson*, 82 Wn.2d 663, 665-66, 513 P.2d 60 (1973), the court held that unless there is a question as to whether the judgment entered is actually the judgment of the court, there is no power to modify that judgment unless there is a showing of one of the statutory grounds (now CR 60).

In the instant case there was no error nor is there contended to be any error on the face of this judgment. Although the court used the covenant as a basis for the default judgment, the court did not incorporate the terms of the covenant into that judgment. The judgment was entered for the amounts due Seattle-First on the note and, although the court could have specifically included the unpaid feed bills in the default judgment, it did not.

Judgment of the trial court modifying the amended judgment to include the feed bills, is reversed.

GREEN and MUNSON, JJ., concur.